Melvin David MURRELL as Successor Administrator of the
Estate of Bonnie Marie Murrell, Deceased; Melvin David
Murrell, as Special Administrator of the Estate of Melvin Dale
Murrell, Deceased, as Surviving Spouse of Bonnie Marie
Murrell, Deceased; and Melvin David Murrell, Belinda Gail
Burke, and Marie Sue Murrell, Surviving Children of Bonnie
Marie Murrell, Deceased, and Melvin Dale Murrell, Deceased
*v.* SPRINGDALE MEMORIAL HOSPITAL; John Power,
M.D.; and Teryl Ortego, M.D.

97-91                                                952 S.W.2d 153

Supreme Court of Arkansas
Opinion delivered October 9, 1997

*Bob Estes* and *Raymond C. Smith*, for appellants.

*Bassett Law Firm*, by: *Dale Garrett* and *James M. Graves*, for appellee Springdale Memorial Hospital.

*Ledbetter, Hornberger, Cogbill, Arnold & Harrison*, by: *Charles Ledbetter* and *Virginia C. Trammell*, for appellee John Power, M.D.

*Davis, Cox & Wright*, by: *Constance G. Clark*, for appellee Teryl Ortego, M.D.

DAVID NEWBERN, Justice. This is an appeal of a dismissal of one wrongful-death action and a summary judgment in a second wrongful-death and survival action. The dismissal and summary judgment favored Springdale Memorial Hospital and Doctors John Power and Teryl Ortego. The claims arose from the death of Bonnie Marie Murrell, who died November 26, 1990, while at Springdale Memorial Hospital for treatment of a bleeding gastrointestinal tract. We hold that a claim brought by Ms. Murrell's widower, Melvin Dale Murrell, prior to proceedings in probate, did not survive his death and that a subsequent claim brought by Melvin Dale Murrell as Ms. Murrell's personal representative and the claims of her children were barred by the statute of limitations.

On November 23, 1992, Melvin Dale Murrell, as surviving spouse of Ms. Murrell, filed an action pursuant to Ark. Code Ann. § 16-62-102 (Supp. 1995), alleging malpractice on the part of Dr. Power, Dr. Ortego, and the Hospital resulting in Ms. Murrell's death. The lawsuit was styled *Melvin Murrell, as Surviving Spouse of Bonnie Marie Murrell, Deceased v. Springdale Memorial Hospital; John Power, M.D., and Teryl Ortego, M.D.* Mr. Murrell sought damages for medical expenses, funeral expenses, conscious pain and suffering of the decedent prior to her death, loss of services and companionship of the decedent, loss of earnings of the decedent, and mental anguish of the surviving spouse and children of the decedent. Mr. Murrell also sought punitive damages. The complaint listed as statutory beneficiaries Melvin Murrell, Melvin David Murrell, Belinda Gail Burke, and Marie Sue Murrell. When the complaint was filed, there was no estate opened for the decedent; consequently, there was no administrator. On December 28, 1993, the Hospital moved to strike the part of the complaint alleging damages on behalf of the decedent and the children of the decedent who were not named as plaintiffs. On February 17, 1994, Melvin Dale Murrell opened an estate for his deceased wife and was appointed administrator. He moved to be substituted in his new status as administrator in the original suit he had filed personally. Pursuant to Ark. R. Civ. P. 41, Mr. Murrell took a voluntary nonsuit of that claim on March 4, 1994, without any ruling having been entered on the motion to substitute.

On February 28, 1995, a second complaint was filed by Melvin Murrell as administrator of the estate of Bonnie Marie Murrell, deceased, and as surviving spouse of Bonnie Marie Murrell, deceased, and David Murrell, Belinda Gail Burke, and Marie Sue Murrell as the surviving children of Bonnie Marie Murrell, deceased. It repeated the allegations of the earlier complaint.

In September, 1995, the Hospital and the doctors moved for partial summary judgment. They argued that, although the statute of limitations was tolled for Melvin Dale Murrell's claim when he nonsuited, the claims of the estate and the other heirs at law were time barred. The Trial Court denied the motions on the basis that the body of the first complaint sought damages on behalf of the surviving children, the surviving spouse, and the damages that

could be recovered by the estate of the deceased, and thus the defendants were put on notice that these damages were sought and the action was filed by an heir of the deceased.

On August 22, 1996, Melvin Dale Murrell died. His son, Melvin David Murrell, was appointed successor administrator for the estate of Bonnie Marie Murrell. He was also appointed special administrator of the estate of Melvin Dale Murrell to perform all acts as necessary to pursue the claim of Melvin Dale Murrell in the action.

The Hospital and the doctors then moved to dismiss the complaint, arguing that the claim of Melvin Dale Murrell, as the surviving spouse of Bonnie Murrell, did not survive his death. They also moved the Trial Court to reconsider their summary judgment motions. In response, the Trial Court dismissed Melvin Dale Murrell's complaint and granted the summary judgment motions.

Melvin David Murrell and the other surviving children of Bonnie Marie Murrell contend that the Trial Court erred in granting summary judgment and dismissal as to the claims of (1) Melvin Dale Murrell, (2) the children of Bonnie Murrell, and (3) the estate of Bonnie Murrell. They argue that the 1992 complaint alleged two separate causes of action: (1) an action on behalf of the heirs, including the surviving spouse of Bonnie Murrell and the children of Bonnie Murrell, pursuant to the Wrongful Death Act, Ark. Code Ann. § 16-62-102 (1987 and Supp. 1995), and (2) an action on behalf of the estate pursuant to Ark. Code Ann. § 16-62-101 (1987).

### 1.   Melvin Dale Murrell's claim

Melvin Dale Murrell's initial complaint, filed prior to the opening of Bonnie Marie Murrell's estate, was appropriately brought according to § 16-62-102(b), and it was within the applicable two-year statute of limitations. *See* Ark. Code Ann. § 16-114-203(a) (Supp. 1995); *Pastchol v. St. Paul Fire & Marine Ins.*, 326 Ark. 140, 929 S.W.2d 713 (1996); *Hertlein v. St. Paul Fire & Marine Ins. Co.*, 323 Ark. 283, 914 S.W.2d 303 (1996). When he took a voluntary nonsuit on March 4, 1994, pursuant to Ark. R.

Civ. Pro. 41, he had one year from that date to refile. Ark. Code Ann. § 16-56-126 (1987). Melvin Dale Murrell filed the second action on February 28, 1995, which was within the one-year period. When Melvin Dale Murrell died on August 22, 1996, the issue arose as to whether his wrongful-death claim survived his death.

The statutory provision for the survival of actions beyond the death of a claimant is § 16-62-101, which provides:

> For wrongs done to the person or property of another, an action may be maintained against the wrongdoers, and the action may be brought by the person injured or, after his death, by his executor or administrator against the wrongdoer or, after his death, against his executor or administrator, in the same manner and with like effect in all respects as actions founded on contracts.

■ Melvin Dale Murrell's action for the wrongful death of his wife did not survive his death. We have consistently held that a wrongful-death claimant does not suffer an "injury to his person or property" as those terms are used in the survival statute. *White v. Maddux, Special Admr.*, 227 Ark. 163, 296 S.W.2d 679 (1956); *Jenkins, Admr. v. Midland Valley Rd. Co.*, 134 Ark. 1, 203 S.W. 1 (1918).

### 2. *The children and estate of Bonnie Marie Murrell*

■ The wrongful-death claims of the children of Bonnie Murrell and the survival claim of the estate of Bonnie Murrell are barred because the parties did not file suit prior to 1995. The savings statute, § 16-56-126, cannot save their claims because the children were not parties to the first action. It provides that if "*the plaintiff therein* suffers a nonsuit" then "*the plaintiff* may commence a new action within one (1) year . . . ." (Emphasis supplied.) *See Rogers v. Williams, Larson, Voss, et al.*, 777 P.2d 836, 839 (Kan. 1989).

■ The second action brought by Melvin Dale Murrell as administrator of the estate of Bonnie Marie Murrell was simply filed too late. The fact that Mr. Murrell's first claim might have been the beneficiary of the savings statute, at least until his death, is not relevant to the timeliness or untimeliness of the second

action. A wrongful-death action brought by a plaintiff in his individual capacity pursuant to § 16-62-102 involves neither the same action nor the same plaintiff as a survival action brought by the plaintiff in his representative capacity on behalf of the decedent's estate pursuant to § 16-62-101. *See Smith v. Tang,* 926 S.W.2d 716, 719 (Mo. App. E.D. 1996).

■ It is argued that, because a personal representative bringing a wrongful-death action is no more than a trustee for the beneficiaries, *Reed v. Blevins,* 222 Ark. 202, 258 S.W.2d 564 (1953) (George Rose Smith, J., dissenting), the beneficiaries of Bonnie Marie Murrell were the "real parties in interest" in the first action in accordance with Ark. R. Civ. P. 17(a). While that rule requires that actions be brought in the name or names of the real parties in interest, we have been cited to no authority in which it has been held that a complaint brought in the name of one party is automatically converted into a complaint on behalf of others as a result of the rule.

Affirmed.