Kathryn Elizabeth TATUS, Administratrix of
the Estate of Mildred Lavonda Stutsman, *Deceased v.*
John M. HAYES, M.D., *et al.*

CA 02-94                          88 S.W.3d 864

Court of Appeals of Arkansas
Division I
Opinion delivered November 6, 2002

*McMath & Associates,* by: *Sandy S. McMath,* for appellant.

*Friday, Eldredge & Clark,* by: *Laura Hensley Smith* and *T. Michelle Ator,* for appellees.

WENDELL L. GRIFFEN, Judge. The trial court decided this medical-malpractice case on a motion to dismiss because the statute of limitations barred the present action. Appellant Kathryn Tatus appeals, contending that the trial court improperly granted the motion to dismiss because the statute-of-limitations period was tolled by the prior suit filed by the heirs and that appellees were not prejudiced by the failure of appellant to file the action in the proper capacity.

■ When reviewing a motion to dismiss based on the statute of limitations, this court accepts all facts alleged in the complaint as true and views them in the light most favorable to appellant. *Martin v. Equitable Life Assurance Soc'y*, 344 Ark. 177, 40 S.W.3d 733 (2001).

From July 2, 1997, to July 5, 1997, Mildred Stutsman received medical care from appellees Dr. John Hayes and Dr. Augustin Fernandez at Rebsamen Regional Medical Center. Appellees Pulaski Surgery Center, P.A., and Arkansas Gastroenterology Center, P.A., are the professional associations that employ Dr. Hayes and Dr. Fernandez, respectively. Stutsman died on July 5, 1997. On June 18, 1999, her daughter, Kathryn Tatus, and other heirs brought a wrongful-death action against the appellees. The heirs nonsuited this action on May 25, 2000. The case at bar, alleging the same claims, was filed on May 24, 2001, by appellant, as administratrix of Stutsman's estate. She had been appointed administratrix on April 24, 2000. Appellees moved to dismiss, alleging that the wrongful-death action was barred by the statute of limitations. Appellant contended that the filing of the first action by the heirs tolled the running of the statute of limitations. She did not argue the savings statute, Ark. Code Ann. § 16-56-126 (1987), in response to the appellee's motion to dismiss. The trial court granted the motion to dismiss. We affirm.

In Arkansas, a medical-malpractice action must be brought within two years of "the date of the wrongful act complained of and no other time." Ark. Code Ann. § 16-114-203 (Supp. 2001). The medical-malpractice act applies to all causes of action for medical injury arising after April 2, 1979, including wrongful-death and survival actions arising from the death of a patient. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002); *Pastchol v. St. Paul Fire & Marine Ins.* 326 Ark. 140, 929 S.W.2d 713 (1996).

The cause of action for the wrongful-death claim accrued on July 5, 1997, the date of Stutsman's death. The first wrongful-death claim was brought by Stutsman's heirs within the time allowed by the two-year statute of limitations; the heirs nonsuited

this claim on May 25, 2000. Under Ark. Code Ann. § 16-56-126, a plaintiff has one year to refile suit regardless of whether the statute of limitations would otherwise prevent such institution of suit. The second suit was filed May 24, 2001, which was within this one-year grace period. However, this second suit was filed by appellant in her capacity as administratrix of Stutsman's estate.

In *Murrell v. Springdale Memorial Hospital,* 330 Ark. 121, 952 S.W.2d 153 (1997), our supreme court held that the savings statute, Ark. Code Ann. § 16-56-126, could not save wrongful-death and survival claims when the current parties had not been parties to the first suit that had been nonsuited. The court emphasized that the statute provided that, if "*'the plaintiff therein* suffers a nonsuit' then '*the plaintiff* may commence a new action within one (1) year.'" *Murrell, supra,* at 125, 952 S.W.2d at 156 (emphasis in original). The court barred the wrongful-death claims of Murrell's children because the children were not parties to the first action that had been nonsuited.

Appellant relies on this court's decision in *Davenport v. Lee,* 73 Ark. App. 247, 40 S.W.3d 346 (2001), in an attempt to distinguish *Murrell.* In *Davenport,* the appellants filed a *pro se* wrongful-death and survival action as administrators of the estate or, alternatively, as heirs at law of the decedent. An attorney was retained and filed an amended complaint. The trial court held that the *pro se* complaint was a nullity because non-attorney fiduciaries cannot practice law or represent others. The trial court further held that the amended complaint filed by the attorney did not relate back to the filing of the original complaint for purposes of the statute of limitations. On appeal, this court reversed, holding that the *pro se* complaint was not a nullity and could be amended by the attorney so as to relate back to the filing of the original complaint. The Arkansas Supreme Court granted a petition for review and reversed this court in *Davenport v. Lee,* 348 Ark. 148, 72 S.W.3d 85 (2002) (*Davenport II*), holding that the *pro se* complaint was a nullity and, therefore, the amended complaint filed by counsel had nothing to amend. *See also St. Paul Mercury Ins. Co. v. Circuit*

*Court of Craighead County, supra* (handed down the same day as *Davenport II*).

■ In the case at bar, the plaintiffs to the first suit were the heirs of Mildred Stutsman. The plaintiff to the second suit was the administratrix of the estate. The heirs had one year from the non-suiting of the original complaint on May 24, 2000, to refile their wrongful-death claim, but they failed to do so. The savings statute, however, would extend the time to file for the additional year only to the heirs, but not to the administratrix. The heirs did not refile the wrongful-death claim prior to expiration of the savings period; thus, it is now time-barred. *Smith v. St. Paul Fire & Marine Ins. Co.*, 76 Ark. App. 264, 64 S.W.3d 764 (2001).

Appellant argues that *St. Paul Mercury Insurance Co. v. Circuit Court, Davenport II*, and *Murrell* are distinguishable because "proper" complaints had not been filed in those cases. However, this court in *Smith v. St. Paul Fire & Marine*, on identical facts as the present case, held that the suit was properly brought by the heirs; however, the heirs nonsuited their original complaint and simply did not refile the suit within the time allowed by the savings statute. That is what occurred in the present case.

■ Appellant also argues that the heirs should be allowed to substitute or ratify the appellant's lawsuit, so as to come within the savings statute. However, because appellant's action was filed beyond the statute-of-limitations period, there was no valid cause of action for the heirs to ratify. *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County, supra; White v. Welsh*, 327 Ark. 465, 939 S.W.2d 299 (1997).

Affirmed.

HART and JENNINGS, JJ., agree.