Vivian SANDERSON, *et al.* Beneficiaries of the Estate of Barron C. Sanderson, *Deceased v.* Sid McCOLLUM, Executor of the Estate of Robert H. McCollum, M.D.,. *Deceased*

CA 02-815 112 S.W.3d 363

Court of Appeals of Arkansas
Division II
Opinion delivered May 7, 2003

*Law Offices of Charles Karr, P.A.*, by: *Charles Karr* and *Shane Roughley*, for appellants.

*Bassett Law Firm*, by: *Walker Dale Garrett* and *Shannon L. Fant*, for appellee.

WENDELL L. GRIFFEN, Judge. Appellants are the beneficiaries of the Estate of Barron C. Sanderson. They appeal from a trial court order dismissing their case with prejudice upon finding that their action was barred by the statute of limitations. Appellants argue that the trial court erred. We disagree and affirm.

From June 12, 1995, until August 19, 1997, Barron Sanderson (appellants' decedent) was under a continuous course of treatment with appellee, Dr. Robert McCollum. On November 23, 1997, Barron Sanderson died after suffering a heart attack. The decedent was survived by his wife, Vivian Sanderson; his son, Devin Sanderson; his daughters, Peri Trudell and Danielle Hudson; his mother, Pansy Sanderson; and his sister, Sandra Jackson. No personal representative was appointed on behalf of the decedent's estate.

On August 16, 1999, Vivian Sanderson filed a *pro se* wrongful-death action against appellee alleging that he was negligent in failing to properly treat and diagnose the decedent's cardiac problems. This complaint was styled "Vivian Sanderson, Surviving Spouse of Barron C. Sanderson, Deceased v. Robert H. McCollum, M.D." Three days later, on August 19, 1999, the law office of Charles Karr, P.A. entered an appearance as the attorneys of record for Vivian Sanderson and filed an amended complaint. The amended complaint was styled "Vivian Sanderson, Surviving Spouse of Barron C. Sanderson, Deceased, on Behalf of Herself,

the Heirs and Statutory Beneficiaries, and the Estate v. Robert H. McCollum, M.D."

On February 15, 2001, Vivian Sanderson took a voluntary nonsuit of this action. On the same day, a wrongful-death complaint was filed against appellee in the name of the appellants, Vivian Sanderson, Devin Sanderson, Peri Trudell, Danielle Hudson, Pansy Sanderson, and Sandra Jackson, who represented all of decedent's heirs. Appellee moved to dismiss the complaint, alleging that the action was barred by the statute of limitations. Appellants argued that they had ratified the first suit brought by Vivian Sanderson and that the ratification should relate back to save their claim. The trial court treated appellee's motion to dismiss as a motion for summary judgment, found that the first complaint filed by Vivian Sanderson was not in compliance with Ark. Code Ann. § 16-62-102 (Supp. 2001), and that the second complaint filed by appellants, as the heirs of the decedent, was barred by the applicable statute of limitations. Therefore, the trial court dismissed appellants' complaint. This appeal followed.

 When reviewing a trial court's decision on a motion to dismiss, the facts alleged in the complaint are treated as true and are viewed in the light most favorable to the plaintiff. *Goff v. Harold Ives Trucking Co., Inc.*, 342 Ark. 143, 27 S.W.3d 387 (2000). All reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Martin v. Equitable Life Assur. Soc'y of the United States*, 344 Ark. 177, 40 S.W.3d 733 (2001). A party, who relies upon a statute of limitations as defense to a claim, has the burden of proving that the full statutory period has run on the claim before the action was commenced. *Davenport v. Pack*, 35 Ark. App. 40, 812 S.W.2d 487 (1991). In order to prevail on a motion to dismiss on the basis of limitations, the complaint must be barred on its face. *Id.*

Appellants first argue that in *Murrell v. Springdale Memorial Hospital*, 330 Ark. 121, 952 S.W.2d 153 (1997), *Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001), *St. Paul Mercury Insurance Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002), and *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002), the Arkansas Supreme Court con-

strued the wrongful-death statute too strictly. Appellant contends that the supreme court's rulings in these cases should be limited to hold that a wrongful-death action brought by fewer than all the heirs may not go to judgment but does toll the statute of limitations. This argument is without merit.

In Arkansas, a wrongful-death action must be brought by and in the name of the personal representative of the deceased person. Ark. Code Ann. § 16-62-102(b) (Supp. 2001). If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person. *Id.* A wrongful-death action is a creation of statute and only exists in the manner and form prescribed by the statute; thus the wrongful-death statute must be strictly construed and nothing may be taken as intended that is not clearly expressed. *Ramirez v. White County, supra.* In applying all the standard rules of statutory construction, the supreme court held that the language of Ark. Code Ann. § 16-62-102(b) (Supp. 2001) was clear and unambiguous. *Id.* If there is no personal representative of the deceased person, then a wrongful-death action must be brought by all the heirs at law. *Id.* An action brought by less than all the heirs of the deceased is a nullity. *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County, supra.* As this is the precedent established by our supreme court, we are bound to follow it. *Smith v. ALCOA*, 78 Ark. App. 15, 76 S.W.3d 909 (2002); *Scott v. State*, 69 Ark. App. 121, 10 S.W.3d 476 (2000).

In the instant case, an estate was never opened for Barron Sanderson and no personal representative was ever appointed as administrator of the estate. Consequently, any wrongful-death action stemming from the death of Barron Sanderson had to be brought by all his heirs at law to be valid. Ark. Code Ann. § 16-62-102(b) (Supp. 2001); *Ramirez v. White County, supra*; *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County, supra.* The original *pro se* complaint brought by Vivian, in her individual capacity, was not in compliance with Ark. Code Ann. § 16-62-102 (Supp. 2001) because it was not brought in the name of all the decedent's heirs at law and was a nullity. The amended complaint, which was brought by Vivian Sanderson on behalf of herself, the heirs, and the estate, was not in compliance

with Ark. Code Ann. § 16-62-102 (Supp. 2001); Vivian could not bring a suit in this representative capacity because she had not been appointed as the personal representative of the estate. Thus, the amended complaint was also a nullity. Therefore, when appellants, who were Barron Sanderson's heirs at law and the necessary parties in this action, filed their complaint on February 15, 2001, the two-year statute of limitations for filing a medical malpractice claim had run, barring their cause of action. Accordingly, the trial court did not err in dismissing their case. *See* Ark. Code Ann. § 16-114-203 (Supp. 2001).

Appellants, however, argue that they ratified the first suit brought by Vivian Sanderson and that we should interpret Ark. Code Ann. § 16-56-126 (Repl. 1987), the savings statute, in a liberal and equitable manner to save their cause of action. Under Ark. Code Ann. § 16-56-126 (Repl. 1987), a plaintiff, who has suffered a nonsuit, may refile the suit within one year regardless of whether the statute of limitations would otherwise prevent institution of such suit. *Tatus v. Hayes*, 79 Ark. App. 371, 88 S.W.3d 864 (2002). However, the savings statute cannot save a wrongful-death action when the current plaintiffs are not the same plaintiffs who were parties to first suit, which had been nonsuited. *See Murrell v. Springdale Mem. Hosp., supra* (the supreme court barred the wrongful-death claims of Murrell's children because the children were not parties to the first action that had been nonsuited).

In this case, the cause of action for the wrongful-death claim accrued on November 23, 1997, the date of Barron Sanderson's death. The plaintiff in the first wrongful-death suit was the decedent's spouse, Vivian Sanderson. She brought the action in her individual capacity and within the time allowed by two-year statute of limitations. However, Vivian Sanderson's suit was a nullity because it was not in compliance with Ark. Code Ann. § 16-62-102 (Supp. 2001) and was nonsuited on February 15, 2001. The second suit was filed on February 15, 2001, which was within this one-year grace period of the savings statute, but it was filed by appellants, the decedent's heirs at law. Because appellants were not plaintiffs to the first wrongful-death complaint, they could not benefit from the application of the savings statute. Therefore, at the time appellants filed their wrongful-death suit, the two-year

statute of limitations had already run, barring their claim. Appellants could not ratify the first suit filed by Vivian so as to come within the savings statute because there was no valid cause of action for them to ratify. *Tatus v. Hayes, supra.*

Alternatively, Vivian Sanderson argues that she has standing to bring a loss-of-consortium claim independent of a wrongful-death suit citing, *Lopez v. Waldrum Estate*, 249 Ark. 558, 460 S.W.2d 61 (1970), for support of her argument. In *Lopez*, a mother and daughter were injured in an automobile accident in 1967 caused by the driver in the other vehicle who was killed. The administrator of the driver's estate published a notice to creditors to which anyone having a claim against the estate was to assert that claim within six months of the notice. Neither the mother nor daughter asserted a claim against the estate. At the time of the accident, the husband was overseas with the military. Upon returning home in 1969, the husband filed a complaint on his behalf, for loss of consortium and on behalf of his wife and daughter. The supreme court in *Lopez* dismissed the claims filed on behalf of the wife and daughter as barred by the statute of limitations, but found that the statute of limitations as to the husband's claim had been tolled by the Soldiers' and Sailors' Civil Relief Act. The supreme court stated that although it has held that a loss-of-consortium claim is a derivative cause of action and that a judgment adverse to the wife would bar the husband's action, the fact that the husband's cause of action was derivative did not mean that it could not be independently prosecuted.

Vivian Sanderson's reliance on *Lopez* is misplaced. Unlike in other personal-injury cases, in wrongful-death actions, loss of consortium cannot be alleged as a separate cause of action. *See Machado v. Kunkel*, 2002 Pa. Super. 232, 804 A.2d 1238 (2002); *Wiard v. State Farm Mut. Auto. Ins. Co.*, 132 N.M. 470, 50 P.3d 565 (2002). In a wrongful-death action, the loss-of-consortium claim is only an element of damages and is dependant on the legal existence of the predicate action. *See Musorofiti v. Vlcek*, 65 Conn. App. 365, 783 A.2d 36 (2001); *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397 (Tex. 1993). Consequently, a defense that would constrict or exclude the defendant's liability to the injured

party would have the same effect on a loss-of-consortium action. *See Sisemore v. Neal,* 236 Ark. 574, 367 S.W.2d 417 (1963).

Therefore, because the statute of limitations has run, barring appellants from commencing a wrongful-death action against appellee, Vivian Sanderson is also barred from pursuing a separate claim for loss of consortium, which was derivative to the wrongful-death action.

Affirmed.

HART and BAKER, JJ., agree.