Edgar RECINOS and Daisy Recinos *v.*
Misty M. ZELK, and Arkansas Children's Hospital

06-291                                          250 S.W.3d 221

Supreme Court of Arkansas
Opinion delivered February 15, 2007

*Law Offices of Charles Karr, P.A.*, by: *Charles Karr*, for appellants.

*Friday, Eldredge & Clark, LLP*, by: *Laura Hensley Smith* and *J. Adam Wells*, for appellees.

JIM HANNAH, Chief Justice. Appellants Edgar and Daisy Recinos appeal the order of the Sebastian County Circuit

Court dismissing with prejudice their wrongful-death suit against Appellees Misty M. Zelk, M.D., and Arkansas Children's Hospital. We find no error; therefore, we affirm.

This wrongful-death action relates to the care and treatment provided to Jennifer Elizabeth Recinos, who died on March 16, 2000. At 3:18 p.m. on March 18, 2002, Appellants petitioned the Crawford County Circuit Court to open the estate of Jennifer Elizabeth Recinos and to appoint Edgar Recinos as special administrator of the estate. At 4:45 p.m. that same day, Appellants filed a complaint in Sebastian County Circuit Court alleging wrongful death and styling the case as "Edgar and Daisy Recinos, Individually and as Parents and Next Friends of their Minor Children, All Statutory Beneficiaries and Heirs at Law of Jennifer Elizabeth Recinos, Deceased." The statute of limitations ran on that day.[1] Mr. Recinos was subsequently appointed special administrator on March 19, 2002, and special letters of administration were issued on April 17, 2002.

Appellees then filed a motion to dismiss, contending that Appellants had failed to join all of the heirs at law as parties to the action and that Appellants' claims were therefore barred by the statute of limitations. In an order entered December 12, 2002, the circuit court denied the motion, finding that, by bringing the action "individually for the 'heirs at law' of the deceased," Appellants had satisfied the requirements of the wrongful-death statute.[2] In addition, the circuit court found that the "record reflects that there was no appointed personal representative."[3]

On October 22, 2003, Appellants nonsuited the case. Mr. Recinos, in his capacity as special administrator, was never substituted as the plaintiff prior to the nonsuit. Appellants refiled the case on October 20, 2004, again styling the case as "Edgar and Daisy

---

[1] This court has long held that the two-year statute of limitations period for medical-malpractice actions set forth in Ark. Code Ann. § 16-114-203 (Supp. 2001) applies to all causes of action for medical injury, including wrongful-death actions under Ark. Code Ann. § 16-62-101 (Repl. 2005). *See Johnson v. Greene Acres Nursing Home Ass'n*, 364 Ark. 306, 219 S.W.3d 138 (2005). In this case, the statute of limitations expired on March 16, 2002, a Saturday; thus, the suit was timely commenced on March 18, 2002. *See* Ark. R. Civ. P. 6(a).

[2] Appellees continue to argue in their brief on appeal that the circuit court erred in denying their motion to dismiss because Appellants failed to satisfy the requirements of the wrongful-death statute. However, the issue concerning the validity of the original complaint is not before us in this appeal. Therefore, we will not address Appellees' argument.

[3] Appellees were unaware of the probate proceedings in Crawford County.

Recinos, Individually and as Parents and Next Friends of their Minor Children, All Statutory Beneficiaries and Heirs at Law of Jennifer Elizabeth Recinos, Deceased." Appellees filed a motion to dismiss, based on Appellants' failure to bring the action in the name of the personal representative as required by Ark. Code Ann. § 16-62-102(b) (Repl. 2005). In response, Appellants contended that, even though a personal representative had been appointed, the heirs at law were the proper parties because only the same plaintiff may take advantage of the savings statute, Ark. Code Ann. § 16-62-102(c)(2) (Repl. 2005). The circuit court agreed with Appellees and dismissed Appellants' complaint with prejudice by order dated November 28, 2005. This appeal followed.

In reviewing a circuit court's decision on a motion to dismiss, this court must treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.*

Pursuant to Ark. Code Ann. § 16-62-102(b), every action for wrongful death "shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." "If a nonsuit is suffered, the action shall be brought within one (1) year from the date of the nonsuit without regard to the date of the death of the person alleged to have been wrongfully killed." Ark. Code Ann. § 16-62-102(c)(2). The wrongful-death statute is a remedial statute that should be interpreted liberally with a view toward accomplishing its purposes. *St. Paul Mercury Ins. Co. v. Cir. Ct. of Craighead Cty.*, 348 Ark. 197, 73 S.W.3d 584 (2002). However, with respect to whether such a cause of action is stated, the action is one that is of statutory creation, and is in derogation of or at variance with the common law, and therefore, we construe the statute strictly. *Id.*

Appellants argue that, despite the fact that Mr. Recinos had been appointed as personal representative at the time the suit was refiled on October 20, 2004, they were required to refile the action exactly as they had filed it initially in order to avail themselves of the benefit of the savings statute. In support of their argument, Appellants cite *Smith v. St. Paul Fire & Marine Insurance Co.*, 76 Ark. App. 264, 64 S.W.3d 764 (2001). In that case, the decedent's heirs brought wrongful-death and survival claims

within the time allowed by the two-year statute of limitations and then later nonsuited the case. A second suit was brought within the one-year grace period of the savings statute; however, this second suit was filed by the decedent's administratrix. The court of appeals upheld the dismissal of the second suit, stating:

> In *Murrell v. Springdale Mem. Hosp.*, 330 Ark. 121, 952 S.W.2d 153 (1997), our supreme court held that the savings statute, Ark. Code Ann. § 16-56-126, could not save wrongful-death and survival claims when the current parties had not been parties to the first suit that had been nonsuited. The court emphasized that the statute provided that if " '*the plaintiff therein* suffers a nonsuit' then '*the plaintiff* may commence a new action within one (1) year.' " *Murrell, supra* at 125, 952 S.W.2d at 156 (emphasis in original). The court barred the wrongful-death claims of Murrell's children because the children were not parties to the first action that had been nonsuited.
>
> In the case at bar, the plaintiffs to the first suit were the heirs of Lydia Shepherd. The plaintiff to the second suit was the purported administratrix of the estate. The heirs had one year from the nonsuiting of the original complaint on February 19, 1999, to refile their wrongful-death claim, but they failed to do so. The savings statute, however, would only extend the time to file for the additional year to the heirs, not to the administratrix. The heirs did not refile the wrongful-death claim prior to expiration of the savings period; thus, it is now time-barred.

*Smith*, 76 Ark. App. at 269, 64 S.W.3d at 768.

Appellants also cite *Tatus v. Hayes*, 79 Ark. App. 371, 88 S.W.3d 864 (2002). In that case, the decedent's heirs brought a wrongful-death action against appellees within the time allowed by the two-year statute of limitations. A personal representative was appointed and, subsequently, the heirs nonsuited their case. Thereafter, the personal representative refiled the case. The court of appeals held that the refiling of the case by the personal representative was barred by the statute of limitations because the savings statute only extended the time to file to the heirs, not to the personal representative.

Appellants aver that they did the only prudent thing there was to do — they refiled the action exactly as they had filed it initially. Appellants state that, it is clear that in those cases, if the heirs and statutory beneficiaries had refiled the complaints, they

would have been allowed to proceed. Otherwise, Appellants contend, if the heirs at law and statutory beneficiaries filed a wrongful-death suit, took a nonsuit, and a personal representative was subsequently appointed, the action could not be refiled under the savings statute. Appellants state that the case would end with the appointment of a personal representative, a result that Appellants claim the General Assembly never intended.

For their part, Appellees dispute Appellants' contention that they were caught in a "Catch-22 situation," and they argue that even if they were, it was one of their own creation. In contrast to Appellants' argument that the decisions in *Smith* and *Tatus* created a trap to which they fell victim, Appellees contend that it is Appellants themselves who are to blame for their failure to comply with the mandatory requirements of Ark. Code Ann. § 16-62-102(b).

Appellees argue that, once a personal representative was appointed, Appellants could no longer file suit as heirs at law of the decedent. We agree. The decedent's heirs at law may not file a wrongful-death suit where a personal representative has been appointed. *See* Ark. Code Ann. § 16-62-102(b); *Davenport, supra.* Here, once Mr. Recinos was appointed personal representative, he was the only party who could file the wrongful-death suit on behalf of the heirs at law. Edgar and Daisy Recinos, individually and as parents and next friends of their minor children, all statutory beneficiaries and heirs at law, had no authority to refile the complaint. Rather, Mr. Recinos, in his capacity as special administrator, was the proper party to refile the case. Nevertheless, Appellants failed to substitute Mr. Recinos, special administrator, as a party to the case prior to nonsuiting. Rule 17 of the Arkansas Rules of Civil Procedure provides in relevant part:

> (a) *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator. . . or any person authorized by statute to do so may sue in his own name without joining with him the party for whose benefit the action is being brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

■ In Arkansas, only a real party in interest may bring a cause of action. *St. Paul Mercury Ins. Co. v. Craighead Cty.*, *supra*. The real party in interest is considered to be the person or corporation who can discharge the claim on which the allegation is based, not necessarily the person ultimately entitled to the benefit of any recovery. *Id.* Here, at the time the suit was refiled, Mr. Recinos, in his capacity as special administrator, was the only person who had a right to discharge the claim. *See* Ark. Code Ann. § 16-62-102(b). Appellants filed the original complaint on March 18, 2002, and nonsuited the case on October 22, 2003. Clearly Appellants had a reasonable amount of time — more than one and one-half years — prior to the nonsuit to substitute Mr. Recinos, special administrator, as a party to the case.

■ Finally, we are not persuaded by Appellants' attempt to distinguish between the wrongful-death savings statute, Ark. Code Ann. § 16-62-102(c)(2), and the general savings statute, Ark. Code Ann. § 16-56-126(a)(1) (Repl. 2005). Appellants state:

> The wrongful death savings statute refers to "the action," and the general savings statute refers to commencing "a new action." Applying the rule of strict construction to the wrongful death savings statute, it is a continuation of "the action" as opposed to the "commencement of a new action" under the general savings statute. It was, therefore, appropriate for Appellants to refile the case notwithstanding the appointment of a personal representative in the meantime because Appellants appropriately brought the action initially when there was no personal representative.

As previously stated, Ark. Code Ann. § 16-62-102(b) provides that a wrongful-death suit must be brought by a personal representative, if one has been appointed. Because a personal representative had been appointed, Appellants could not file their action as heirs at law and statutory beneficiaries.

Affirmed.