Cite as 2021 Ark. 14
# SUPREME COURT OF ARKANSAS
No. CV–19–664

| | |
|---|---|
| | **Opinion Delivered:** February 4, 2021 |
| JAMES ANDREW WILLIAMS <br> APPELLANT | |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-18-7504] |
| ST. VINCENT INFIRMARY MEDICAL CENTER; CATHOLIC HEALTH INITIATIVES; FIRST INITIATIVES INSURANCE COMPANY, LTD.; AND DR. JAY D. HOLLAND, M.D. <br> APPELLEES | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE <br><br> DISMISSED IN PART; AFFIRMED IN PART. |

**KAREN R. BAKER, Associate Justice**

Appellant James Andrew Williams appeals the Pulaski County Circuit Court's order granting motions to dismiss filed by appellees Catholic Health Initiatives (CHI), St. Vincent Infirmary Medical Center (St. Vincent), and First Initiatives Insurance Company, Ltd. (FIIL) (referred to collectively as "the hospital defendants"). This appeal stems from Williams's complaint alleging medical malpractice. We accepted certification of this case from the Arkansas Court of Appeals on the basis that it involves significant issues needing clarification or development of the law and substantial questions of law concerning the validity, construction, or interpretation of an act of the General Assembly. *See* Ark. Sup. Ct. R. 1–2(b)(5)−(6) & (d). On appeal, Williams argues that the circuit court erred in dismissing his complaint based on two grounds: First, he argues that he complied with the notice

provisions contained in the tolling statute of the Arkansas Medical Malpractice Act (the "Act"). *See* Ark. Code Ann. § 16-114-212 (Repl. 2006). Second, he argues that the portion of the tolling statute requiring an affidavit to be filed with the complaint is unconstitutional. We dismiss in part and affirm in part.

## I. *Facts and Procedural History*

On October 29, 2018, Williams filed a complaint alleging medical malpractice against CHI St. Vincent Infirmary Health System; CHI; FIIL; and Dr. Jay D. Holland, M.D. Williams alleged that on September 6, 2016, he fell out of his hospital bed and fractured his right hip. The next day, Williams underwent surgery to repair his hip, and he was released to Little Rock HC&R Nursing, LLC, on September 9. Williams alleged that the nurses and hospital staff that treated him during his time at St. Vincent were acting as agents for, and within their scope of, employment with St. Vincent. Williams also alleged that St. Vincent was controlled by CHI through its corporate structure and acted as an agent of CHI. Williams alleged that St. Vincent, by imputation, and its employees owed a nondelegable duty of reasonable care to Williams, and they breached that duty through negligent acts or omissions and malpractice. Williams further alleged that Dr. Holland owed a nondelegable duty of reasonable care to Williams as his attending physician and that Dr. Holland breached that duty through negligent acts or omissions and malpractice.

On November 15, 2018, CHI filed its answer to Williams's complaint. CHI denied that St. Vincent was under its control and denied that any act or omission alleged against St. Vincent should be imputed to CHI.

2

On November 19, 2018, CHI filed its motion to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. CHI asserted that the Act has a two-year statute of limitations. Ark. Code Ann. § 16-114-203. CHI argued that because the alleged medical malpractice occurred on September 6, 2016, Williams's October 29, 2018 complaint was time-barred. On November 21, 2018, Dr. Holland filed his motion to dismiss also arguing that Williams's complaint was time-barred under the Act.

On December 3, 2018, Williams filed his responses to CHI's and Dr. Holland's motions, asserting that while his complaint was not filed until October 29, 2018, the statute of limitations had been tolled for ninety days by the operation of the medical-malpractice tolling statute. Ark. Code Ann. § 16-114-212. Williams argued that he strictly complied with the statute by providing written notice to St. Vincent and Dr. Holland of his intention to file a medical-malpractice claim. Williams attached as exhibits his written notices addressed to St. Vincent and Dr. Holland—both dated August 30, 2018. With regard to CHI, Williams contended that CHI was not provided with notice individually because the statute requires only that the "medical care provider alleged to have caused the medical injury" be served with such notice. However, Williams contended that while CHI was not his medical provider, it is a necessary party to this case in its role as controller, owner, manager, and principal of St. Vincent. In the alternative, Williams argued that the underlying facts of this case as alleged in the complaint suggest that his fall from his hospital bed was arguably a result of the ordinary negligence of St. Vincent's employees and that any claims therefrom would be governed by a three-year statute of limitations rather than a two-year statute of limitations imposed on medical-malpractice actions.

3

On December 7, 2018, CHI filed its memorandum reply in support of its motion to dismiss. CHI argued that its motion to dismiss should be granted because Williams did not strictly comply with the medical-malpractice tolling statute. Alternatively, CHI argued that Williams should not be allowed to benefit from the tolling provision because it is unconstitutional in its entirety. Finally, CHI argued that Williams cannot convert his malpractice claim into one of ordinary negligence to avoid the Act's two-year statute of limitations.

On December 10, 2018, Dr. Holland filed his reply to Williams's response to the motion to dismiss. Dr. Holland argued that Williams did not strictly comply with the medical-malpractice tolling statute. Alternatively, Dr. Holland asserted that the statute is unconstitutional. Therefore, even if the circuit court determined that Williams strictly complied with the statute, the statute itself is unconstitutional under Arkansas law.

On December 13, 2018, Williams filed a memorandum reply in opposition to Dr. Holland's motion to dismiss. Williams argued that his notice substantially complied with the medical-malpractice tolling statute.[1]

On December 31, 2018, Williams filed his first amended complaint, which amended his original complaint, to change the name of separate defendant "CHI St. Vincent Infirmary Health System" to "St. Vincent Infirmary Medical Center." On January 15, 2019, Williams filed his response to Dr. Holland's motion to dismiss, incorporating his previous response to

---

[1]It appears that Williams was relying on the Arkansas Rule of Civil Procedure "2015 Contingent Amendment: Rule 3[(d)] . . . Notice of Medical Injury." The amendment is contingent upon the General Assembly's enactment of a companion limitations-tolling statute. However, no such companion tolling statute has been enacted, and subdivision (d) is therefore not in effect.

Dr. Holland's motion to dismiss, and on January 22, Williams filed his response to CHI's motion to dismiss, incorporating his previous response to CHI's motion to dismiss.

On March 14, 2019, the hospital defendants filed a joint memorandum reply in support of their motion to dismiss. The hospital defendants again argued that their motion to dismiss should be granted because Williams did not strictly comply with the medical-malpractice tolling statute. However, they argued that even if Williams did comply with the requirements of the tolling statute, the motion to dismiss should still be granted because the statute is unconstitutional in its entirety.

On June 19, 2019, Williams filed his timely notice of appeal from the May 22 order.

## II. *Dr. Holland*

Rule 3(e) of the Arkansas Rules of Appellate Procedure—Civil states that "[a] notice of appeal or cross-appeal shall: . . . (ii) designate the judgment, decree, order or part thereof appealed from[.]" We require substantial compliance with the procedural steps set forth in Rule 3(e). *Jewell v. Moser*, 2012 Ark. 267. A notice of appeal that fails to designate the judgment or order appealed from as required under Rule 3(e) is deficient, but such a defect is not necessarily fatal to the notice where it is clear what order the appellant is appealing and the notice was filed timely as to that order. *Id.* We have found substantial compliance in cases where there has been a scrivener's error. *Duncan v. Duncan*, 2009 Ark. 565.

## III. *Standard of Review*

It is well settled that a motion to dismiss is converted to a motion for summary judgment when matters outside the pleadings are presented to, and not excluded by, the court. *Koch v. Adams*, 2010 Ark. 131, 361 S.W.3d 817. Summary judgment is appropriate

when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P. 56(c). Ordinarily, on appeal from a summary-judgment disposition, the evidence is viewed in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the moving party. *Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844. However, in a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Id.*

IV. *Ark. Code Ann. § 16-114-212*

As set forth above, Williams's alleged injury occurred on September 6, 2016, and his complaint was not filed until October 29, 2018. Williams acknowledges that his complaint was filed outside the Act's two-year statute of limitations. Ark. Code Ann. § 16-114-203(a). However, he argues that the statute of limitations was tolled for ninety days by the tolling provision contained in the Act. Ark. Code Ann. § 16-114-212. In the hospital defendants' motion to dismiss and on appeal, they argued that Williams did not trigger the tolling statute for the following reasons: (1) he did not serve written notice on CHI and FIIL; (2) he failed to identify the names and addresses of the known medical care providers relating to the alleged medical injury; and (3) the medical authorization provided with his notice does not comply with the statute. Williams argues that he satisfied the requirements of the tolling statute as follows: (1) he was required to serve written notice of his intention to file an action for medical injury only upon St. Vincent; (2) the known medical care provider related to the alleged medical injury is St. Vincent; and (3) the authorization to release pertinent

6

medical records allowed St. Vincent to obtain all pertinent medical records not already in its possession.

The relevant statute, Arkansas Code Annotated section 16-114-212 "Tolling of the statute of limitations," states in pertinent part:

(2) The written notice shall include the following:

   (A) The plaintiff's full name, date of birth, present address, address at the time of treatment at issue, and Social Security number;

   (B) The date or dates of the treatment in question and a summary of the alleged wrongful conduct; and

   (C) The names and addresses of the known medical care providers *relating* to the alleged medical injury; and

   (3) An authorization to release medical records signed by the plaintiff, which shall authorize the medical care provider alleged to be liable to obtain pertinent medical records, shall be attached to the notice.

(b) *Failure to comply with any of the requirements set forth in subsection (a) of this section shall be deemed to be material and shall result in the statute of limitation's not being tolled.*

(c)(1) If the plaintiff files an action for medical injury during this tolling period without the requisite affidavit required by § 16-114-209(b)(1) and (2), the complaint shall be dismissed and costs, attorney's fees, and appropriate sanctions as determined by the court shall be assessed.

   (2) The provisions of § 16-114-209(b)(3) do not apply to cases filed during the tolling period.

Ark. Code Ann. § 16-114-212(a)–(c) (emphasis added).

We disagree with Williams's position on this point. Unlike subdivision (a)(1), subdivision (a)(2)(C) does not reference the cause of the injury. Instead, this provision requires the notice to include the "names and addresses of the known medical care providers *relating* to the alleged medical injury[.]" (Emphasis added.) Based on the plain language of

7

these two provisions, subdivision (a)(2)(C) is broader in scope. Because this provision requires that the notice include medical care providers "relating" to the alleged medical injury, this clearly encompassed Dr. Holland. The notices of intention to file a medical-malpractice claim addressed to St. Vincent and Dr. Holland were both dated August 30, 2018. Thus, Williams was clearly aware that Dr. Holland was "related" to the injury, and his notice to St. Vincent should have identified Dr. Holland. Accordingly, we hold Williams's written notice fails to comply with subdivision (a)(2)(C).

Pursuant to subsection (b) of section 16-114-212, having found that Williams failed to comply with one of the subsection (a) notice requirements, we need not address his remaining notice arguments. Due to Williams's noncompliance with the statute, the statute of limitations was not tolled and his complaint, filed beyond the two-year statute of limitations, is time-barred. Accordingly, we affirm the circuit court's dismissal of the hospital defendants.

Dismissed in part; affirmed in part.

Special Justice REX M. TERRY joins in this opinion.

KEMP, C.J., not participating.

*Mays, Byrd & Associates, P.A.*, by: *Richard L. Mays, Sr.*, for appellant.

*Wright Lindsey & Jennings LLP*, by: *Edwin L. Lowther, Jr.*; *Gary D. Marts, Jr.*; and *David C. Jung*, for appellees St. Vincent Infirmary Medical Center; Catholic Health Initiatives; and First Initiatives Insurance Company, LTD.

*Reece Moore McNeill Pendergraft*, by: *Paul D. McNeill* and *Bo Renner*, for appellee Jay D. Holland, M.D.

8