Cite as 2023 Ark. App. 97

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-21-398

SHARON PARKER IVY, AND AS
ADMINISTRATRIX OF THE ESTATE OF
EARL LEE PARKER, AND ON BEHALF OF
ALL WRONGFUL DEATH
BENEFICIARIES OF EARL LEE PARKER,
DECEASED

APPELLANT

V.

DAVID D. NUGENT; PROPANE
RESOURCES SUPPLY AND MARKETING,
LLC; PROPANE RESOURCES
TRANSPORTATION, LLC; AND PROPANE
RESOURCES, LLC

APPELLEES

Opinion Delivered February 22, 2023

APPEAL FROM THE CRITTENDEN
COUNTY CIRCUIT COURT
[NO. 18CV-20-428]

HONORABLE CHRIS THYER, JUDGE

AFFIRMED

## RITA W. GRUBER, Judge

Appellant Sharon Ivy appeals from an order of the Crittenden County Circuit Court

dismissing her wrongful-death complaint with prejudice.[1] She argues that the circuit court

erred in granting summary judgment against the heirs at law. We affirm.

---

[1]We note that the style of the case is "Sharon Parker Ivy, and as Administratrix of the
Estate of Earl Lee Parker, and on Behalf of all Wrongful Death Beneficiaries of Earl Lee
Parker, Deceased," and the parties are referred to as "appellants." For purposes of this
opinion, we will refer to Ivy as the appellant.

On April 30, 2016, around 1:00 a.m., Earl Lee Parker was walking on the shoulder of Interstate 55 in Crittenden County when he was allegedly struck by a tractor trailer that was driven by David Nugent for Propane Resources. Parker was pronounced dead a short time later. Ivy, who is the deceased's sister, filed a wrongful-death action against appellees, Nugent and Propane Resources,[2] on April 28, 2017. The caption of the complaint read:

> SHARON IVY, and as Administratrix of the Estate of EARL LEE PARKER, and on behalf of All Wrongful Death Beneficiaries of EARL LEE PARKER, Deceased[.]

The right margin of the caption read "PLAINTIFF." Appellees filed a motion to dismiss. At the hearing on the motion, Ivy requested a voluntary nonsuit in lieu of dismissal. The court took the case under advisement and issued a letter ruling on April 15, 2020. On June 24, 2020, the circuit court entered an order that granted Ivy's motion for nonsuit and dismissed the complaint without prejudice pursuant to Rule 41 of the Arkansas Rules of Civil Procedure. The order also contained additional findings: (1) Ivy had not been appointed as the administratrix in Arkansas and had neither requested ancillary administration nor posted a bond; (2) Ivy conceded she was without authority to file the suit without approval or a bond; (3) Ivy argued that the suit should not be dismissed because it was also brought by the beneficiaries; (4) the beneficiaries were not listed in either the style or the body of the complaint; (5) and Ivy had no authority to file the complaint as their representative and could not "cure the deficit" by claiming the heirs filed on their own

---

[2]Three companies were named—Propane Resources Supply and Marketing, LLC; Propane Resources Transportation, LLC; and Propane Resources, LLC.

behalf. The order further noted that Ivy sought to amend the complaint to add additional information, but those actions were taken after the circuit court's ruling.

Ivy filed a second complaint on August 26, 2020, which was within the one-year period to refile pursuant to the savings statute following a nonsuit but outside the three-year statute of limitations. *See* Ark. Code Ann. 16-62-102(c)(1)-(2) (Supp. 2021); Ark. Code Ann. § 16-56-126 (Repl. 2005). The caption reads as follows:

> SHARON IVY PARKER, and as Administratrix of the ESTATE OF EARL LEE PARKER, and on Behalf of All Wrongful Death Beneficiaries of EARL LEE PARKER, Deceased.

The right margin of the caption read "PLAINTIFFS." Paragraphs five through thirteen identified the wrongful-death beneficiaries by name. On December 15, 2020, appellees filed a motion "to dismiss, for judgment on the pleadings, or alternatively summary judgment." They generally argued that the new complaint was barred by the statute of limitations, which expired no later than April 30, 2019.[3] Noting the findings made in the 2020 order dismissing the 2017 complaint, appellees argued that the original complaint was a nullity, and as a result, the 2020 complaint could not relate back to it. Appellees further contended that Ivy could not avail herself of the savings statute because there was no proper plaintiff in the first action, and the saving statute does not apply to a new party.

In response, Ivy argued that by bringing the first complaint in the name of "all the beneficiaries," the pleading requirement of the wrongful-death statute had been satisfied;

---

[3]The day in which the statute of limitations ran is not in dispute.

therefore, the complaint was not a nullity. She further contended that the second complaint only named the real parties in interest and did not change the parties.

A hearing took place on April 23, 2021.[4] After orally ruling from the bench, the circuit court entered an order on April 28 dismissing Ivy's complaint with prejudice. The circuit court found, in part, as follows: (1) Ivy did not have the proper statutory authority to proceed as administratrix of the estate; (2) the statutory beneficiaries pursuant to the wrongful-death statute were not properly joined in the 2020 complaint; (3) even if the beneficiaries were properly joined, they are a new and different party from the nonsuited complaint; therefore, the statute of limitations would not relate back; (4) Ivy failed to follow the Arkansas Rules of Civil Procedure in naming the parties, and the liberal pleading rules did not give the court plenary authority to disregard the rules; (5) Rule 15 of the Arkansas Rules of Civil Procedure does not cure the defect; (6) the statute of limitations ran on April 30, 2019; (7) pursuant to the savings statute, the action needed to be refiled by June 24, 2021; however, relation back is only applicable if the suit was properly commenced in the first instance; (8) because the action was not properly brought by an administrator, summary judgment should be granted, and there is no relation back; and (9) even if the parties had been properly named as beneficiaries, the beneficiaries are different parties, and the savings statute would not apply. Ivy timely appealed.

---

[4]The case was reassigned from Judge Pamela Honeycutt to Judge Christopher Thyer as a result of division reassignments for judges in the Second Judicial District that began in January 2021.

A motion to dismiss is converted to a motion for summary judgment when matters outside the pleadings are presented to, and not excluded by, the court. *Williams v. St. Vincent Infirmary Med. Ctr.*, 2021 Ark. 14, at 7, 615 S.W.3d 721, 726. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P. 56(c). Ordinarily, on appeal from a summary-judgment disposition, the evidence is viewed in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the moving party. *Williams*, 2021 Ark. 14, at 7, 615 S.W.3d at 726. However, when the parties agree on the facts, we determine whether the appellee was entitled to judgment as a matter of law. *Id.*[5] As to issues of law presented, this court's review is de novo. *Johnson v. Universal Health Servs., Inc.*, 2022 Ark. App. 324, at 3, 652 S.W.3d 581, 584.

Pursuant to Ark. Code Ann. § 16-62-102(b), every action for wrongful-death in Arkansas "shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." For the purposes of the wrongful-death statute, the term "heirs at law" as used in section 16-62-102(b) means "beneficiaries" as used in section 16-62-102(d). *Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005). When there is no personal

---

[5]Noting the standard of review for summary judgment, Ivy suggests that this court resolve all doubts and inferences against appellees, but also recognized that to the extent this appeal involves issues of law, the review is de novo.

representative at the time of filing, all statutory beneficiaries must be joined as plaintiffs to the action. *Johnson*, 2022 Ark. App. 324, at 3, 652 S.W.3d at 584.

Every action authorized by the statute must be commenced within three years after the death of the person alleged to have been wrongfully killed. Ark. Code Ann. § 16-62-102(c). The wrongful-death statute is a remedial statute that should be interpreted liberally with a view toward accomplishing its purposes. *Recinos v. Zelk*, 369 Ark. 7, 9, 250 S.W.3d 221, 223 (2007) (citing *St. Paul Mercury Ins. Co. v. Cir. Ct. of Craighead Cnty.*, 348 Ark. 197, 73 S.W.3d 584 (2002)). However, with respect to whether such a cause of action is stated, the action is one that is of statutory creation and is in derogation of, or at variance with, the common law; therefore, we construe the statute strictly. *Id.*

Ivy admits that she did not meet the necessary requirements to file a wrongful-death action as the personal representative of the estate and that the statute of limitations had expired at the time the second suit was filed. She argues, however, that the second complaint should relate back because the first wrongful-death complaint was "alternatively pled to include the second possible route-a claim by the heirs at law." She contends that the text of the first complaint shows a clear intent to bring a claim on behalf of "all the heirs." In addition to noting the style of the case, she points to the first paragraph, which provides "Plaintiff Sharon Ivy brings this survival action and wrongful death action as the Administratrix of the Estate . . . and on behalf of all wrongful death beneficiaries . . . pursuant to A.C.A. §§ 16-1-62-101, and 16-62-102," and the prayer for relief, which requests damages on behalf of all wrongful-death beneficiaries. Ivy further contends that the second complaint

6

cures any potential defect in the real party in interest by naming the heirs and their relationships to the deceased in the body of the complaint.

Ivy also argues that, pursuant to Rules 1, 15, and 17 of the Arkansas Rules of Civil Procedure, pleadings are to be construed liberally. She cites caselaw providing that the courts have hesitated to accept form over substance and that pleadings must be liberally construed "so that effect is given to the substance of the pleading rather than form." *See Cornett v. Prather*, 293 Ark. 108, 111, 737 S.W.2d 159, 160 (1987).

Appellees contend that the "heirs at law" were not named parties to the first complaint as required by Ark. Code Ann. § 16-62-102(b). They further argue that the first complaint is a nullity since it was not brought by a properly appointed personal representative or by all the individual heirs at law. Finally, they contend that by naming the wrongful-death beneficiaries in the body of the second complaint, the savings statute cannot be invoked because they were not a properly made parties to the first complaint.

Essentially, Ivy argues that the beneficiaries were properly designated in the first complaint because it included "alternative plaintiffs – as a class." We disagree. The wrongful-death statute does not reference a "class." Rather, it states that it shall be brought by the beneficiaries if there is no personal representative. This has been interpreted to mean all the beneficiaries. To hold otherwise would be inconsistent with the statute and caselaw.

In *Brewer*, 362 Ark. at 11, 207 S.W.3d at 464, our supreme court stated:

"[W]hen the action is brought by the heirs there must be but a single action, and all the heirs must be made parties to it, so that the entire controversy may be determined and the entire amount recovered and distributed in the single action given by the

7

statute." *St. Louis, I.M. & S. Ry. Co. v. Needham*, 52 F. 371, 375 (8th Cir. 1892) (construing Arkansas's wrongful-death statute). With the legislative intent of the statute in mind, as well as our prior case law concerning the necessity of joining those parties entitled to recover, we believe that for the purposes of the wrongful-death statute, the term "heirs at law" as used in § 16-62-102(b) means "beneficiaries" as used in § 16-62-102(d). Therefore, where there is no personal representative to bring a wrongful-death action, all statutory beneficiaries must be joined as plaintiffs to the action.

In *Mendez v. Glover*, 2010 Ark. App. 807, 379 S.W.3d 92, we explained that, based on *Brewer*, when no personal representative is appointed, all the statutory beneficiaries must be named as parties. In that case, four siblings had not been named; therefore, the complaint was a nullity. *Brewer* stated all statutory beneficiaries must be "joined as plaintiffs."

Although the exact fact pattern in this case has not been addressed by our appellate courts, a similar scenario has been addressed by a federal court applying Arkansas law. In *Williams v. Bradshaw*, 459 F.3d 846 (8th Cir. 2006), Lateca Williams brought a wrongful-death complaint after her mother, Teca Jordan, died in police custody. After the statute of limitations had expired, the defendants moved for judgment on the pleadings, arguing that Williams lacked standing because she was not the personal representative, and the other heirs were not listed as plaintiffs, and thus, the complaint did not meet the requirements of Ark. Code Ann. § 16-62-102(b). The plaintiff listed in the caption of the complaint was "Lateca Williams, individually and on behalf of the heirs at law of Teca Jordan, Deceased." Williams sought to amend the complaint to reflect her new status as the special administratrix of the estate. The defendants argued that the court should deny the request despite the liberal amendment policy in Fed. R. Civ. P. 15(a). Their argument was that

because the original complaint failed to comply with Ark. Code Ann. § 16-62-102(b), it was a nullity under Arkansas law, and as a result, there was no complaint to amend. The district court granted the motion to dismiss and denied Williams's request to amend.

On appeal, Williams argued that her original complaint met the statutory requirement by "identifying and asserting claims on behalf of all the heirs at law." The Eighth Circuit stated that "bringing a claim on a person's behalf and having that person bring the claim on his or her own behalf are two very different things." Williams argued that all the heirs were parties, pointing to the fact that they were named in the body of the complaint. In rejecting this argument, the Eighth Circuit reasoned:

> Under the Federal Rules of Civil Procedure, the title of the action in a complaint "shall include the names of all the parties." Fed. R. Civ. P. 10(a); *see also* Ark. R. Civ. P. 10(a). While a caption is not determinative as to who is a party to a suit, *Greenwood v. Ross*, 778 F.2d 448, 452 (8th Cir. 1985), we think that it is entitled to considerable weight when determining who the plaintiffs to a suit are since plaintiffs draft complaints. In addition, the first two paragraphs of the complaint listed the parties to the suit, but Ms. Williams is the only plaintiff mentioned. Finally, the complaint refers repeatedly to only a singular "plaintiff." We therefore conclude that the sole plaintiff in the original complaint was Ms. Williams and, because not all of Ms. Jordan's heirs were joined as plaintiffs, Ms. Williams lacked standing. The district court thus properly granted the motion for judgment on the pleadings.

*Williams*, 459 F.3d at 849. We find this case persuasive.

Our supreme court has also rejected the argument that it should broadly construe the class of beneficiaries to include persons not specifically named. *Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004) (citing *Ramirez v. White Cty. Cir. Ct.*, 343 Ark. 372, 38 S.W.3d 298 (2001)). The court likewise rejected the argument that "we read into the original complaint something that was not there." *Id.* at 390, 155 S.W.3d at 8 (referring to the lack of reference

9

that Rhuland was filing as the personal representative at the time the original complaint was filed in addressing a real party in interest argument under Ark. R. Civ. P. 17). When the original complaint is a nullity, Rules 15 and 17 are inapplicable because the original complaint never existed; thus, there is not a pleading to amend to relate back to. *See Johnson*, 2022 Ark. App. 324, at 4, 652 S.W.3d at 585 (also rejecting the argument that the purpose of the wrongful-death pleading requirements was satisfied because the beneficiaries were made known to appellees through discovery).

Considering our statute and caselaw interpreting it, we cannot conclude that a general reference to "all beneficiaries" of a deceased person satisfies the wrongful-death statute. Caselaw interpreting the wrongful-death statute requires that all the heirs be named as parties. The first complaint failed to join and name all the heirs. Therefore, it is a nullity, and there could be no relation back. When the second complaint was filed, the statute of limitations had already expired.[6] Therefore, the circuit court's grant of summary judgment was proper.

Affirmed.

ABRAMSON and BARRETT, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellants.

*Womack Phelps Puryear Mayfield & McNeil, P.A.*, by: *Mark Mayfield* and *Chuck Gschwend*, for appellees.

---

[6]Because the statute of limitations had expired, we do not address whether the second complaint satisfied the pleading requirements of the wrongful-death statute.