Jamie Anne RHULAND, as Administratrix for James Murl Atkinson, Deceased *v.* Michael FAHR, M.D.

03-766                                               155 S.W.3d 2

Supreme Court of Arkansas
Opinion delivered March 11, 2004

[Rehearing denied April 8, 2004.]

*John M. Burnett*; and *Quattlebaum, Grooms, Tull & Burrow, PLLC,* by: *Leon Holmes* and *Patrick W. McAlpine,* for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C* , by: *L. Kyle Heffley* and *Bryan G. Looney*, for appellees.

D ONALD L. CORBIN, Justice. Appellant Jamie Anne Rhuland appeals the order of the Faulkner County Circuit Court granting Appellee Michael Fahr's motion to dismiss. On appeal, Rhuland argues that the trial court erred in dismissing her wrongful-death suit, as it was properly brought in her capacity as a personal representative. Alternatively, she argues that her second amended complaint clearly listed her in her official capacity and should relate back to the filing of the original complaint. This case was certified to this court as involving a significant issue requiring development or clarification of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5). We find no error and affirm.

This case stems from the death of James Murl Atkinson on July 18, 1999. Immediately prior to his death, Mr. Atkinson was being treated for both a heart condition and complications from diabetes. Following his death, some of his family filed a wrongful-death suit in Pulaski County Circuit Court.[1] The plaintiffs were listed as "Mildred Atkinson, in her capacity as the wife of James Murl Atkinson, deceased, Jamie Anne Rhuland, Donna Poe, and Penny Fuller in their capacity as natural children of deceased James Murl Atkinson." The defendants included Michael Fahr, M.D., in his individual capacity; Conway Heart Clinic, PLLC; Don Steely, M.D., in his individual capacity; Baptist Medical Center; Conway Regional Medical Center; Tennessee Casualty; Allen Redding, M.D., in his individual capacity; Little Rock Diagnostic Clinic, P.A.; and John Does #1, #2, #3, and #4, unidentified health-care providers for the deceased. The complaint, which was filed on December 5, 2000, alleged that each of the defendants owed Mr. Atkinson a certain duty of care and their breach of that duty resulted in Mr. Atkinson's death. On July 2, 2001, the trial court granted Rhuland's motion to nonsuit Baptist Medical Center, Conway Heart Clinic, and Steely. Then, on January 4, 2002, the trial court dismissed with prejudice Redding and Little Rock Diagnostic Clinic, after they reached a settlement agreement with Rhuland. Conway Regional was dismissed with prejudice on

---

[1] This case was eventually transferred to Faulkner County Circuit Court, as all of the defendants with ties to Pulaski County were dismissed from the suit.

March 26, 2002, and on April 1, 2002, the trial court granted Rhuland's motion to nonsuit Tennessee Casualty.

During the time between the filing of the original complaint and the dismissal of most of the defendants, Rhuland filed an amended complaint on March 21, 2002. This amended complaint was styled to read "The Estate of James Murl Atkinson, deceased, Jamie Anne Rhuland, as Administratrix and in her capacity as a natural child of the deceased James Murl Atkinson, and Donna Poe and Penny Fuller in their capacity as the natural children of the deceased James Murl Atkinson, and Mildred Atkinson in her capacity as the wife of James Murl Atkinson." This was a change from the original complaint that simply listed Rhuland in her capacity as a natural child of the deceased. The amended complaint also stated as follows:

1. Since the filing of the original complaint, an estate has been opened. The Plaintiffs are the lawful heirs and statutory beneficiaries of JAMES MURL ATKINSON, deceased, and the action in behalf of the ESTATE OF JAMES MURL ATKINSON is brought by JAMIE ANNE RHULAND as duly appointed Administratrix of said Estate.

The original complaint, on the other hand, simply stated that the Plaintiffs were the "lawful heirs and statutory beneficiaries of James Murl Atkinson, deceased."

The day after Rhuland filed her amended complaint, Fahr filed an amended answer, stating that Mr. Atkinson's estate had been opened and Rhuland appointed as administratrix prior to the filing of the original complaint. In his answer, Fahr also averred that the statute of limitations barred both the original and amended complaint. He further specified that the plaintiffs lacked standing to bring the suit, because a personal representative had been appointed prior to the filing of the complaint and only the personal representative could maintain a cause of action for wrongful death. Fahr subsequently filed a motion to dismiss Rhuland's complaint, again alleging that the original plaintiffs lacked standing to file suit under the wrongful-death statute, as only the personal administrator, acting in her official capacity, could maintain such a suit. Fahr argued that the statute of limitations was not tolled as a result of the filing of the original complaint and, thus, the amended complaint filed after the expiration of the limitations period was barred.

A hearing on Fahr's motion to dismiss was held in the Faulkner County Circuit Court on November 5, 2002. The trial

court ordered the parties to file post-hearing briefs on the issues whether the original complaint was invalid and whether the amended complaint related back to the filing of the original complaint. On April 25, 2003, the trial court entered a written order granting Fahr's motion to dismiss. Therein, the trial court stated that it found this court's opinion in *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead Cty.*, 348 Ark. 197, 73 S.W.3d 584 (2002), to be directly on point. The trial court reasoned that under that case, Rhuland's amended complaint, which attempted to bring the estate in as a party for the first time, constituted a new lawsuit that was filed beyond the applicable statute-of-limitations period. Moreover, the trial court concluded that the original complaint was a nullity. From that order, comes the instant appeal.

In reviewing a trial court's decision on a motion to dismiss, this court must treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002); *Goff v. Harold Ives Trucking Co., Inc.*, 342 Ark. 143, 27 S.W.3d 387 (2000). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.* Remaining mindful of this standard, we now turn to Rhuland's arguments on appeal.

For her first point on appeal, Rhuland argues that her original complaint complied with the provisions of Ark. Code Ann. § 16-62-102 (Supp. 2003). Her argument on this point is two-fold. First, Rhuland argues that she named the correct plaintiff, because she was named as a plaintiff and at that time she had been appointed as the adminstratrix, but that nothing in section 16-62-102 required that she be characterized in any particular manner. In other words, Rhuland argues that it was not necessary that she put the magic words "as Administratrix" in her complaint. Second, Rhuland argues that she is the real party in interest pursuant to Ark. R. Civ. P. 17, and thus was a proper party plaintiff. Fahr counters that these arguments are being raised for the first time on appeal and, thus, are not preserved for this court's review. Alternatively, Fahr argues that the complaint failed to name the proper plaintiff, as the only party who could maintain the action was Rhuland, in her capacity as administratrix. We agree with Fahr that Rhuland did not argue to the trial court that she was allowed to file the complaint without designating herself as the

administratrix. Accordingly, we reject this argument, as it is well settled that this court will not consider arguments raised for the first time on appeal. *See, e.g., Arkansas Blue Cross & Blue Shield v. Hicks*, 349 Ark. 269, 78 S.W.3d 58 (2002); *Laird v. Shelnut*, 348 Ark. 632, 74 S.W.3d 206 (2002).

The record reveals, however, that Rhuland did raise an argument regarding the applicability of Rule 17; therefore, this argument is preserved for our review. Specifically, Rhuland argues that she was the real party in interest and, thus, properly named as a plaintiff, because she had been appointed as adminstratrix of Atkinson's estate prior to the time the complaint was filed. Fahr argues that Rhuland filed the original complaint in her capacity as an heir, not as adminstratrix and, thus, Rule 17 is inapplicable.

■ We begin our analysis with a review of the relevant provisions of Rule 17, which provides:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian (conservator), bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or the State or any officer thereof or any person authorized by statute to do so may sue in his own name without joining with him the party for whose benefit the action is being brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Ark. R. Civ. P. 17(a).

The question to be decided by this court is whether Rule 17 is applicable in the instant case. In other words, did the original complaint styled as "Mildred Atkinson, in her capacity as the wife of James Murl Atkinson, deceased, Jamie Anne Rhuland, Donna Poe, and Penny Fuller in their capacity as natural children of deceased James Murl Atkinson" comply with the filing requirements of the wrongful-death statute by naming the real party in interest.

The Wrongful Death Statute is codified at section 16-62-102 and provides in relevant part:

(b) Every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person.

■■ This court has held that the wrongful-death statute is a remedial statute that should be interpreted liberally with a view toward accomplishing its purposes. *St. Paul,* 348 Ark. 197, 73 S.W.3d 584. However, with respect to whether such a cause of action is stated, the action is one that is of statutory creation, and is in derogation of or at variance with the common law, and therefore, we construe the statute strictly. *Id.* Nothing is to be taken as intended that is not clearly expressed. *Lawhorn Farm Servs. v. Brown,* 335 Ark. 272, 984 S.W.2d 1 (1998).

■ This court has repeatedly discussed the requirement of section 16-62-102(b) that every wrongful-death action must be brought by and in the name of the personal representative. *See Davenport,* 348 Ark. 148, 72 S.W.3d 85; *Ramirez v. White Cty. Cir. Court,* 343 Ark. 372, 38 S.W.3d 298 (2001); *Brewer v. Lacefield,* 301 Ark. 358, 784 S.W.2d 156 (1990). This court has also recognized that the wrongful-death statute does not create an individual right in any beneficiary to bring suit. *Id.* (citing *Cude v. Cude,* 286 Ark. 383, 691 S.W.2d 866 (1985)).

This court addressed an issue similar to the present one in *St. Paul,* 348 Ark. 197, 73 S.W.3d 584. In that case, the decedent's two sisters and parents, who constituted part, but not all, of the heirs, filed a *pro se* survival action against the petitioner. At the time that the complaint was filed, an estate had been opened and the decedent's daughter had been appointed personal representative. Thereafter, the decedent's parents were substituted as personal administrators. The parents then filed an amended complaint with themselves as plaintiff administrators. The petitioner filed a motion to dismiss based on the expiration of the statute of limitations. The trial court denied the motion to dismiss, finding that the two sets of plaintiffs were substantially the same parties.

The petitioner then sought a writ of prohibition from this court, arguing that the trial court lacked authority to go forward with the case, because respondents lacked standing. This court granted the writ of prohibition, agreeing that the respondents lacked standing and concluding that the *pro se* complaint was a nullity. In reaching this conclusion, this court stated that while the

two sets of plaintiffs may have been the same persons, they were not the same parties. This court further explained:

> They had no standing when they filed the *pro se* complaint, and they did when they filed the amended complaint as appointed administrators. Unfortunately, the statute of limitations had expired in the meantime. The Thomases as individual heirs at law are entirely distinct legal persons from the Thomases in their later capacity as appointed administrators, and thus different parties. An action for wrongful death brought by a plaintiff in his capacity as an administrator pursuant to Ark. Code Ann. § 16-62-102 involves neither the same action, nor the same plaintiff as in a survival action brought by the same person in his individual capacity pursuant to Ark. Code Ann. § 16-62-101. *Murrell v. Springdale Me. Hosp.*, 330 Ark. 121, 952 S.W.2d 153 (1997).

*Id.* at 205, 73 S.W.3d at 589.

■ We find the reasoning of this court in *St. Paul* to be persuasive in the present case. When Rhuland filed her original complaint she did so in her capacity as an heir, as evidenced by the styling of the complaint. This fact is further proven by Rhuland's attempt to mislead the court in her amended complaint by stating that "since the filing of the original complaint, an estate has been opened," when in reality the estate had been opened prior to the filing of the original complaint. As such, Rhuland, as an heir, is a distinct legal entity from Rhuland, as an adminstratrix, and Rhuland, as an heir, lacked standing to file this wrongful-death suit. Thus, she was not the real party in interest at the time that she filed the original complaint. In *Ramirez*, 343 Ark. 372, 38 S.W.3d 298, this court rejected the appellants' argument that we should broadly construe the class of beneficiaries to include persons not specifically named. We likewise reject Rhuland's argument that we read into the original complaint something that simply was not there.

For her second point on appeal, Rhuland argues that the amended complaint she filed after the limitations period expired should relate back to the timely filing of the original complaint, pursuant to Ark. R. Civ. P. 15(c). Fahr counters that Rule 15 is inapplicable, as the original complaint constituted a nullity because it was not filed by the proper plaintiff, thus, there was nothing for the original complaint to relate back to. We agree that Rule 15 is inapplicable in the present case.

Rule 15 provides in relevant part:

(c) *Relation Back of Amendments.* An amendment of a pleading relates back to the date of the original pleading when:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

This court has held that Rule 15 is a procedural rule that controls how a party may amend existing pleadings. Before the rule can apply, however, there must be pleadings to amend. *See St. Paul*, 348 Ark. 197, 73 S.W.3d 584.

In *St. Paul*, the court discussed the application of Rule 15, stating:

Rule 15 applies, for example, when an amendment permissibly changes the party against whom the claim is asserted or adds a party after the statute of limitations has run, and it may relate back to the time of filing of the original complaint. Rule 15 makes liberal provision for amendments to pleadings and even allows a plaintiff to amend to add new claims arising out of the conduct alleged in the initial valid complaint. These cases, and the cited case law, all deal with a plaintiff amending an existing valid pleading to state a new cause of action against a defendant or to add a new defendant where proper. Rule 15 simply would not help the appellees in this case because there was no pleading to amend when the Thomases filed their "amended complaint" as administrators.

348 Ark. at 204-05, 73 S.W.3d at 588 (citations omitted).

In *St. Paul*, this court stated that the amended complaint substituted out the original plaintiffs and substituted in entirely new plaintiffs. According to our decision in that case, this substitution of entirely new plaintiffs resulted in the filing of a new

suit and did not constitute an amendment under Rule 15. *Id.* (citing *Floyd Plant Food Co. v. Moore*, 197 Ark. 259, 122 S.W.2d 463 (1938)).

A similar result was recently reached by the court of appeals in *Estate of Daisy Byrd v. Tiner*, 81 Ark. App. 366, 101 S.W.3d 887 (2003). In that case, a wrongful-death action was filed by "the Estate of Daisy Byrd," even though an estate had been opened and a personal representative had been appointed prior to the filing of the complaint. The defendant filed a motion to dismiss, alleging that the plaintiff was a non-entity and that the statute of limitations barred a suit by a new or substituted party. The estate sought to amend its complaint to add the personal representative as the plaintiff, but its motion was denied. The court of appeals affirmed the trial court's order, stating that because the "Estate of Daisy Byrd, Deceased" was not the personal representative of Byrd's estate, it was not authorized to pursue the wrongful-death action. The court reasoned that had the amendment been allowed, it would have constituted the commencement of a new action for which the period of limitations had expired.

We are also unpersuaded by Rhuland's attempt to rely on a concurring opinion in *St. Paul*, 348 Ark. 197, 73 S.W.3d 584, which discussed the interplay of Rules 15 and 17, and their applicability to an amendment of plaintiffs. At the crux of that concurrence was the conclusion that Rules 15 and 17 were inapplicable because there had been no "understandable mistake." *Id.* at 212, 73 S.W.3d at 593. Likewise, no such understandable mistake occurred in this case. Section 16-62-102 specifically details who may maintain a cause of action for wrongful death. Moreover, the record in the instant case reveals that Rhuland was put on notice that a defendant claimed she lacked standing to bring this suit. In its answer to the original complaint, Conway Heart Clinic, PLLC, alleged that the plaintiffs lacked standing to pursue the suit on behalf of the estate and on their own behalf. This answer was filed on December 29, 2000, almost seven months before the statute of limitations expired in this case. Thus, even if this court were to determine that Rules 15 and 17 were somehow implicated in the present situation, there was no understandable mistake warranting an application of those rules.

In sum, under the prior decisions of this court, when Rhuland filed her amended complaint, it constituted the filing of a new action and did not warrant the application of the relation-

back doctrine of Rule 15. Because the filing of the new complaint was outside the applicable limitations period, the trial court correctly dismissed the complaint against Fahr.

Affirmed.