Melvin DUKES *v.* Larry NORRIS, Director,
Arkansas Department of Correction

06-829                                               256 S.W.3d 483

Supreme Court of Arkansas
Opinion delivered May 3, 2007

Appellant, pro se.

*Mike Beebe*, Att'y Gen., by: *Christopher R. Hart*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Melvin Dukes, an inmate incarcerated in the Arkansas Department of Correction ("ADC"), filed a pro se petition for declaratory judgment and writ of mandamus

in Jefferson County Circuit Court on November 2, 2005. Appellant filed an amended petition on December 12, 2005. Appellee Larry Norris, Director of the ADC, filed a response and motion to dismiss after the petition was filed, and again after the amended petition was filed. Appellant filed a response to the second motion to dismiss. Taking these pleadings into consideration, the circuit court denied the petition, finding that appellant had not stated facts or advanced evidence to support his claim, dismissing under Ark. R. Civ. P. 12(b)(6) with prejudice and holding the dismissal a strike for purposes of Ark. Code Ann. § 16-68-607 (Repl. 2005). Appellant now brings this appeal of that order.

In his petition, appellant asserted that the ADC had failed to follow its own regulations, specifically an administrative directive that he attached to his petition concerning meritorious furloughs. He contended that the ADC has not purchased electronic monitoring devices as required by the administrative directive so that inmates who qualify for meritorious furlough and who are serving life sentences may go on furlough as provided by the directive. Appellant claimed that he qualified for furlough under the directive, but, because he is serving a life sentence, he has been denied furlough. He asserts that he was denied equal protection and an adequate and meaningful review of his petition for meritorious furlough.

Appellant requested relief through a declaratory judgment holding that the ADC is required by the directive to purchase the electronic monitoring devices and provide inmates with life sentences who qualify an opportunity for meritorious furlough. Appellant further requested a holding that appellant has a liberty interest in the meritorious furlough program, that appellee has failed to adopt adequate rules in compliance with the Administrative Procedure Act, and that appellee is required to provide a meaningful and adequate process to petition for meritorious furlough and appellate review. Appellant additionally requested that the court issue a writ of mandamus that would order appellee to enforce those holdings requested by appellant, compelling compliance with the holdings by adoption and implementation of compliant regulations and by provision of adequate and meaningful review of appellant's petition for meritorious furlough. Appellant further requested the writ to compel appellee to make electronic monitoring devices available, and to suspend all meritorious furloughs until the devices are available.

Appellee contends that declaratory judgment is not proper because the directive does not require the purchase of the equipment, that it merely creates special conditions for inmates serving life sentences, and that the requested relief would not terminate the controversy. Appellee claims that the trial court did not err in dismissing the request for a writ of mandamus because decisions for meritorious furlough are within the discretion of the ADC, that appellant has no right to meritorious furlough and declaratory judgment, as otherwise argued, is not appropriate.

In reviewing a court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.* A trial judge must look only to the allegations in the complaint to decide a motion to dismiss. *Fuqua v. Flowers*, 341 Ark. 901, 20 S.W.3d 388 (2000).

Treating the facts alleged in the petition as true, we therefore determine first whether appellant stated facts sufficient to support a cause of action for declaratory judgment. This court has said that declaratory relief lies where four requisite conditions are met, as follows: (1) there is a justiciable controversy; (2) it exists between parties with adverse interests; (3) those seeking relief have a legal interest in the controversy; (4) the issues involved are ripe for decision. *Jegley v. Picado*, 349 Ark 600, 80 S.W.3d 332 (2002). On appeal, the question as to whether there was a complete absence of a justiciable issue shall be reviewed de novo on the record of the trial court. *Id.* at 611, 80 S.W.3d at 336.

The basis for appellant's claim is that the ADC has failed to follow a requirement to purchase electronic monitoring devices under its directive. Appellee contends that no such requirement is articulated in the directive, that any grant of meritorious furlough is completely within the ADC's discretion, and appellant's claim therefore fails. Appellee apparently is, in essence, arguing that there is no justiciable controversy. Appellee further argues that the requested relief would not terminate the controversy.

Appellant contends that but for the lack of monitoring equipment, he has otherwise qualified for meritorious furlough, and although he does not request that the court provide a declaration to the effect that he is qualified, he requests that the court

establish whether the ADC is required to purchase the equipment so that his qualifications may be evaluated in accordance with what appellant asserts is the proper interpretation of the directive. His argument, however, presupposes a faulty assumption — that he and other inmates serving life sentences qualify under the directive.

We agree with appellee that the requested relief would not settle the controversy in this case because the directive is clearly subject to the ADC's discretion and simply does not require the purchase of the equipment. The policy announced at the beginning of the directive states, "It shall be the policy of the Department of Correction to grant meritorious furloughs pursuant to established requirements and conditions for approved inmates." The directive then goes on to list the procedures for implementing that grant, with specific conditions for those inmates serving life sentences that require the use of electronic monitoring devices. Appellant construes this language as mandatory, but he ignores other language in the directive that plainly leaves the decision as to whether any particular inmate qualifies for furlough open to the ADC's discretion. Nor does the directive articulate a specific requirement to purchase the devices or any other equipment.

In support of his argument, appellant points out that the quoted language in the directive uses the term "shall." But that language does not restrict the ADC's discretion to choose not to make meritorious furlough available to any inmate for any reason, and the term "shall" is followed by the limitation of the grant to "approved" inmates. Furloughs are to be granted on the conditions and following the procedures in the directive, but only so long as the ADC approves the inmate for the grant of a furlough. The form used for processing a furlough application provides for a broad range of factors to be considered in determining whether an inmate qualifies for furlough and allows for any additional factors previously not contemplated to be added under the designation of "other" positive or negative factors. Listed negative factors include a "long remaining sentence."

Appellant provided responses to his inquiries from ADC officials indicating that the ADC was not considering or processing requests for meritorious furloughs for inmates serving life sentences. Appellee points out that under the ADC's interpretation of the directive, the policy only established conditions and requirements for approved inmates. Thus, the ADC could not be required to purchase equipment to implement those conditions for a class of

inmates who were not approved for meritorious furlough, as was the case for inmates serving life sentences. The ADC's grant of any meritorious furlough, as it must be, is highly discretionary. Although appellant contends that he meets all the criteria in the directive and, therefore would qualify for meritorious furlough if the electronic monitoring devises were available, in actuality he does not qualify *because* the ADC has determined that inmates serving life sentences are not approved for meritorious furlough. Even if appellant were to secure the requested declaration that the directive mandates the purchase of electronic monitoring devices, appellant's stated controversy would not be resolved. Because the ADC is not required to approve any inmate or class of inmates for meritorious furlough, such a declaration would be tantamount to an advisory opinion.

Like statutes, we presume the validity and constitutionality of an administrative agency's rules and regulations and the words contained in them are given their plain and ordinary meaning unless there is an ambiguity. *Johnson v. Arkansas Board of Examiners in Psychology*, 305 Ark. 451, 808 S.W.2d 766 (1991). An administrative agency's interpretation of its own regulation will not be overturned unless it is clearly wrong. *Arkansas Professional Bail Bondsman Licensing Bd. v. Oudin*, 348 Ark. 48, 69 S.W.3d 855 (2002). We have recognized that administrative agencies, due to their specialization, experience, and greater flexibility of procedure, are better equipped than courts to analyze legal issues dealing with their agencies. *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991). In particular, the administration of prisons has generally been held to be beyond the province of the courts. *Id.*

We cannot say that the ADC was clearly wrong in interpreting its directive to allow discretionary approval of inmates for meritorious furlough, in addition to the conditions and procedures outlined in the directive. The language of the directive preserves within the ADC's discretion the right to determine what inmates or class of inmates may be approved for meritorious furlough. The use of the word "shall" in this instance does not circumvent that discretion and that discretion overrides any requirements appellant may infer from the directive.

Although it is true that the policy results in inmates serving life sentences receiving treatment distinct from other inmates, appellant has not shown a violation of equal rights. Equal protection does not require that persons be dealt with identically,

only that the classifications rest on real and not feigned differences, that the distinctions have some relevance to the purpose for which the classifications are made, and that their treatment be not so disparate as to be arbitrary. *Smith v. State,* 354 Ark. 226, 118 S.W.3d 542 (2003); *McDole v. State,* 339 Ark. 391, 6 S.W.3d 74 (1999). Infringement of constitutional rights is an exception to our general reticence to entertain prisoner's administrative complaints. *Clinton v. Bonds,* 306 Ark. at 557, 816 S.W.2d at 171-72. Here, there is a real distinction as to those serving a life sentence, as they have received the harshest punishment, other than a death sentence, contemplated by our system. That fact justifies the distinction and provides relevance, as well. Therefore, appellant did not plead facts so as to support a constitutional infringement necessary to fall within the exception to our general rule that we do not substitute our judgment for that of the prison administration.

■ Because the ADC has not approved, and is not required to approve, inmates serving life sentences for meritorious furlough, appellant has not shown that he could have any potential liberty interest in furlough, or that the rules and procedures in regard to furloughs may be deficient, or that he has not received an adequate and meaningful review of his petition. Appellant's remaining arguments for declaratory judgment therefore fail.

■ Finally, because appellant failed to plead facts necessary to state a cause of action for declaratory judgment, he also failed to state a case supporting the issuance of a writ of mandamus. The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Manila School Dist. No. 15 v. Wagner,* 357 Ark. 20, 159 S.W.3d 285 (2004). Here, appellant based his request for the writ upon the establishment of a right under the declaratory judgment he requested. In the absence of a basis for declaratory judgment, we also affirm the circuit court's denial of appellant's petition for a writ of mandamus.

Affirmed.