375 Ark. 549

**James MUNSON, Appellant,**

v.

**ARKANSAS DEPARTMENT OF
CORRECTION, Appellee.**

No. 07–1037.

Supreme Court of Arkansas.

Feb. 12, 2009.

James Munson, pro se.

Dustin McDaniel, Att'y Gen., by: Renae Ford Hudson, Ass't Att'y Gen., for appellee.

PER CURIAM.

Appellant James Munson, an inmate incarcerated in the Arkansas Department of Correction ("ADC"), filed a petition in Pulaski County Circuit Court for judicial review under Arkansas Code Annotated § 25–15–212 (Repl.2002) to challenge a disciplinary action against him by the appellee ADC. Appellee moved to dismiss for failure to state a claim upon which relief could be granted under Arkansas Rule of Civil Procedure 12(b)(6). The circuit court granted the motion and appellant has lodged an appeal of that order in this court.

Appellant argues on appeal that the court erred in dismissing the petition, that his petition stated a claim for violation of due process, and that the ADC did not follow its own procedures. In his petition, appellant alleged that, as a result of appellee's failure to follow its procedures, he had lost class status and certain privileges, and was subjected to isolation for a period of time. Appellant further alleged that the disciplinary action resulted from an ADC officer's failure to act and that the other inmate involved was not subjected to disciplinary action.

■ In reviewing the circuit court's decision on the motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.* A trial judge must look only to the allegations in the complaint to decide a motion to dismiss. *Fuqua v. Flowers*, 341 Ark. 901, 20 S.W.3d 388 (2000).

■ Here, the appellee first argues that we should affirm dismissal of the petition by the circuit court because judicial review was not available to appellant as an inmate. Appellee urges us to overrule our decision in *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991), holding that Act 709 of 1989, amending the Arkansas Administrative Procedure Act by excluding prison inmates from judicial review of administrative adjudications, unconstitutionally deprives inmates of review of constitutional questions. This court does not lightly overrule cases and applies a strong presumption in favor of the validity of prior decisions. *Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003). It is necessary to uphold prior decisions unless a great injury or injustice would result. *Id.* at 418, 125 S.W.3d at 157. The court only breaks with precedent when the result is patently wrong and so manifestly unjust that a break becomes unavoidable. *State v. Brown*, 356 Ark. 460, 156 S.W.3d 722 (2004).

■ Here, it is not necessary to consider whether our holding in *Clinton v. Bonds* is still valid, because it is evident that appellant's petition did not raise a constitutional question so as to permit judicial review. Appellee also contends that the ADC's disposition of the matter here did not constitute an order for purposes of section 25–15–212, and, as appellant's petition did not raise a constitutional question, we agree that it did not.

Appellant contends that his right to due process was violated because the ADC did not follow its own procedures and that issue was raised in his petition. He essentially claims a liberty interest in having the ADC officials follow the procedures. But, appellant does not have a liberty interest in the actual procedures to be administered. *See Kennedy v. Blankenship,* 100 F.3d 640 (8th Cir.1996).

 Nor can appellant show a substantive due process violation as a result of the sanctions that were imposed by the ADC in the proceeding. To state a case for a substantive due process violation, appellant must have shown an atypical and substantive deprivation that was a dramatic departure from the basic conditions of his confinement. *Id.; Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Appellant's petition did not set forth any conditions resulting from the proceedings that would show such an atypical and substantive deprivation.

Appellant's petition alleged the sanctions imposed resulted in a loss of class status and certain privileges, and that he was subjected to isolation for a period of time. Under *Kennedy v. Blankenship,* claims of segregation from the general prison population do not indicate a dramatic departure from the basic conditions of appellant's confinement. In Arkansas, there is no liberty interest in good time under the analysis in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *McKinnon v. Norris,* 366 Ark. 404, 231 S.W.3d 725 (2006) (per curiam). A loss of class status and privileges such as appellant cited, even if impacting good time, would not compromise a liberty interest.

Appellant's petition for review did not state that sanctions were imposed that were sufficient to compromise a liberty interest, and unless such sanctions may be imposed, the ADC's disciplinary proceedings did not invoke due process so as to mandate notice and hearing. Appellant's petition did not, therefore, show that the ADC's disposition of the matter did conform to the requirements of the definition of "order" in Arkansas Code Annotated § 25–15–202(5) (Supp.2007). The proceedings did not therefore result in an order for purposes of judicial review under section 25–15–212.

Considering the facts alleged in the petition as true and viewing those facts in a light most favorable to the plaintiff, appellant failed to allege facts that would support a claim for judicial review under the statute. He did not allege that the ADC imposed sanctions sufficient to raise a liberty interest or due process, and without such a liberty interest at stake, the ADC's actions did not constitute an order subject to judicial review.

Affirmed.

BROWN, J., not participating.