

# SUPREME COURT OF ARKANSAS

No. CV-11-623

| | |
|---|---|
| KENNETH RAY PITTS<br><br>APPELLANT<br><br>V.<br><br>CORRECTIONAL OFFICER LEWIS RAFTER; CORRECTIONAL OFFICER EDDIE KNIGHT; CORRECTIONAL OFFICER RUSSELL MEADOWS; AND SERGEANT MICHAEL RICHARDSON, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEES | Opinion Delivered December 12, 2013<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-10-756]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

Appellant Kenneth Ray Pitts, an inmate in the Arkansas Department of Correction (ADC), appeals from an order of the Jefferson County Circuit Court dismissing his complaint against appellees ADC Correctional Officers Lewis Rafter, Eddie Knight, and Russell Meadows, and ADC Sergeant Michael Richardson. We affirm.

On October 22, 2010, appellant filed a pro se petition for declaratory judgment and injunctive relief against appellees in which he alleged excessive use of force, negligence, failure to protect, and due-process and equal-protection violations. In response to appellant's complaint, appellees filed a motion to dismiss on, inter alia, the ground that allowing appellant to proceed with the action in forma pauperis would violate the three-strike rule embodied in

SLIP OPINION

Arkansas Code Annotated section 16-68-607 (Repl. 2005).[1] Appellant did not respond to appellees' motion to dismiss; instead, appellant filed a pleading entitled "Motion for Refusal to Respond for Fraud in Pursuant to Arkansas Rules of Civil Procedure Rule 9(b)," which consisted of a number of assertions unrelated to the motion to dismiss. The circuit court granted the motion to dismiss, finding that appellant had at least four prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted and that, because appellant was not in imminent danger of serious physical injury, the "imminent danger" exception was not applicable.[2] Appellant subsequently filed a motion for reconsideration in which he argued that the "imminent danger" exception was applicable. The circuit court denied the motion, and appellant now brings this appeal.

Our review is limited to those issues that were raised before the circuit court and for which the circuit court issued a ruling. *See Green v. State*, 2013 Ark. 455 (per curiam); *Houston v.*

---

[1]Arkansas Code Annotated section 16-68-607 provides:

> In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

A dismissal of an incarcerated person's action as frivolous, malicious, or for failure to state a claim upon which relief may be granted is commonly referred to as a "strike" under the statute. *See, e.g.*, *McArty v. Hobbs*, 2012 Ark. 257 (per curiam).

[2]The "imminent danger" exception allows an incarcerated person with three or more "strikes" to continue to proceed with a civil action or appeal from judgment in a civil action under an indigent status if he is in imminent danger of serious physical harm. *See Martin v. Shelton*, 319 F.3d 1048 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998).

*State*, 2013 Ark. 374 (per curiam). Thus, our review is limited to whether the circuit court erred in dismissing appellant's complaint pursuant to section 16-68-607 and, more specifically, whether the "imminent danger" exception applied in the instant case.

Any argument regarding the only issue that we may review has been abandoned by appellant on appeal. *Waller v. Banks*, 2013 Ark. 399 (per curiam) ("All arguments made below but not raised on appeal are abandoned."); *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grigsby*, 370 Ark. 66, 257 S.W.3d 104 (2007)). In his brief-in-chief, appellant fails to set forth any allegations of error against the circuit court in dismissing his complaint; nor does he provide any citation to authority. Rather, appellant's argument on appeal consists mostly of a recitation of the alleged facts pertaining to his underlying claims against appellees, which were not considered or ruled upon by the circuit court and are, therefore, not preserved for this court's review. *See Penn v. State*, 2013 Ark. 409 (per curiam) (declining to address issues raised on appeal but not ruled on by the circuit court). Because appellant has failed to demonstrate any error in the dismissal of his complaint, we affirm.

Affirmed.

*Kenneth Ray Pitts*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Gary L. Sullivan*, Ass't Att'y Gen., for appellee.