

# SUPREME COURT OF ARKANSAS

No. CV-12-87

| | |
|---|---|
| RONALD GREEN and $1,427 IN U.S. CURRENCY<br><br>APPELLANTS<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 13, 2014<br><br>PRO SE APPEAL FROM THE DESHA COUNTY CIRCUIT COURT<br>[NO. 21CV-09-189]<br><br>HONORABLE SAM POPE, JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

Appellant Ronald Green appeals the order of the circuit court denying his "Motion for Return of Seized Things Pursuant to Arkansas Rule of Crim. P. 15.2." In the motion, appellant alleged that he was entitled to the return of $1,427 in U.S. Currency seized by the Tenth Judicial District Drug Task Force based on the argument that the currency was not used for evidentiary purposes because the charges filed against him had been dismissed. The State responded that the motion was without merit and untimely pursuant to Arkansas Rule of Criminal Procedure 15.2 (2010). The State also argued that appellant had stated no valid reason for setting aside a default judgment previously entered against him in which the circuit court had ordered that the currency was forfeited to the Tenth Judicial District Prosecuting Attorney's Office. Denying appellant's motion for return of seized things for the reasons stated in the State's motion, the circuit court found that the State had correctly stated the facts and the law. We affirm.

On December 17, 2009, the State filed a forfeiture complaint pursuant to Arkansas Code Annotated section 5-64-505(a) (Supp. 2009), alleging that the Tenth Judicial District Drug Task

Force had seized property from appellant on December 14, 2009, in connection with felony violations of the Uniform Controlled Substances Act. Attached to the forfeiture complaint was a confiscation report signed by appellant that listed the property seized as $1,427 in U.S. Currency. Subsequently, the State filed a motion for extension of time to serve appellant with the complaint, stating that appellant had changed his residence prior to service of the complaint and summons, that the State had attempted service by certified mail and personal service on numerous occasions, and that the State was actively engaged in locating appellant. On April 7, 2010, the circuit court granted the motion for extension of time and gave the State an additional 120 days in which to obtain service.[1] The summons, filed on April 26, 2010, reflected that appellant was personally served with the forfeiture complaint and summons on that date. The text of the summons advised appellant that a lawsuit had been filed against him and that a default judgment may be entered against him for the relief sought if he did not file a pleading with the circuit clerk's office within 20 days from the day that he was served with the summons. The record reflects that appellant did not file a responsive pleading or otherwise make an appearance in the case. On June 8, 2010, the State filed a motion for default judgment based on appellant's failure to respond to the complaint. On June 16, 2010, the circuit court granted the motion and ordered that the Tenth Judicial District Prosecuting Attorney's Office was the

---

[1]The record contains the State's motion for extension of time for service with a file-mark date of April 9, 2010, and the order extending time for service with a file-mark date of April 7. There is no explanation in the record as to why the file-mark date of the order precedes the file-mark date of the motion. The addendum to appellant's brief-in-chief contains the same motion for extension with a file-mark date of April 7 and the same order extending the time for service with a file-mark date of April 9. This court does not consider matters outside the record. *Waller v. Banks*, 2013 Ark. 399 (per curiam). In any event, the motion and order were timely in compliance with Ark. R. Civ. P. 4(i) (2010) regardless of which file-mark dates are considered.

SLIP OPINION

new owner of the seized $1,427 in U.S. Currency.

Over a year later, on October 28, 2011, appellant filed a "Motion for Return of Seized Things Pursuant to Arkansas Rule of Crim. P. 15.2" in which he sought an order requiring the return of the $1,427 in U.S. Currency on the basis that the currency was not being used for evidentiary purposes because the charges filed against him had been dismissed.[2] The State responded that the motion was without merit and untimely pursuant to Rule 15.2 and that appellant had no valid reason for setting aside the default judgment pursuant to Rule 55 of the Arkansas Rules of Civil Procedure (2010). The circuit court denied appellant's motion for the reasons stated in the State's response. After the order was entered, appellant responded that he was never personally served with the complaint or summons and that the default judgment and summons were mailed to the wrong address. In a timely filed notice of appeal, appellant designated the circuit court's order denying the "Motion for Return of Seized Things Pursuant to Arkansas Rule of Crim. P. 15.2" as the order from which he was appealing.

Appellant raises a number of substantive arguments for the first time on appeal in support of his claim that the currency was not subject to forfeiture. It is unclear whether these arguments are based on the contention that the circuit court erred in not setting aside the default judgment based on his October 28, 2011 motion or that the circuit court erred in not returning the currency to him pursuant to Rule 15.2. Several of his arguments stem from his contention

---

[2]Pursuant to Arkansas Rule of Criminal Procedure 15.2(a), within thirty (30) days after notice of seizure, or at such later date as the court in its discretion may allow, individuals from whom things have been seized by law enforcement officers may move the appropriate circuit court to return things seized to the person from which they were seized. One of the listed grounds for return or restoration of seized things is the court's determination that the things are no longer needed for evidentiary purposes. Ark. R. Crim. P. 15.2(b)(iv).

SLIP OPINION

that the currency was seized as the result of an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution. He also contends that the currency is not subject to forfeiture because there was no showing to link the currency to any illegal activity and he was not convicted of a criminal offense. Raising an argument as to an alleged lack of notice of the forfeiture proceedings, appellant also contends that his right to due process was violated because the State sent notice of the forfeiture proceedings to his mother's address despite being aware that he no longer lived at that address. Because none of these arguments were timely raised below, the circuit court could not have considered them. Thus, these arguments will not be addressed by this court on appeal. Issues raised for the first time on appeal are not grounds to reverse a circuit court's order. *See Williams v. State*, 2013 Ark. 375 (per curiam).

The only argument on appeal that was timely raised by appellant below is his claim that he is entitled to the return of the currency pursuant to Rule 15.2 because it is no longer needed for evidentiary purposes. Because the currency had already been forfeited to the Tenth Judicial District's Prosecuting Attorney's Office when appellant filed his motion for the return of seized things, any relief pursuant to Rule 15.2 was no longer available. In order for the circuit court to have considered whether appellant was entitled to the return of the seized currency pursuant to Rule 15.2, it would have had to set aside the default judgment ordering forfeiture of the assets. With regard to setting aside a default judgment, Rule 55(c) provides as follows:

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the

SLIP OPINION

judgment is void, no other meritorious defense to the action need be shown.

Here, appellant failed to show any reason for setting aside the default judgment based on Rule 55(c). In granting the motion for default judgment, the circuit court properly found that appellant had been personally served with the complaint and summons on April 26, 2010. Appellant did not file an answer or otherwise appear in the action. The record does not disclose any reason for his failure to respond to the complaint or any reason to justify relief from the default judgment.[3] Accordingly, any argument that the circuit court erred in not setting aside the default judgment is without merit.

Affirmed.

*Ronald Green*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

---

[3]While the motion for default judgment does not reflect that appellant was served with the motion, notice of the motion was not necessary because appellant had not appeared in the action. *See Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992); Ark. R. Crim. P. 55(b) ("If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."). Defendants suffering from default judgments *have* been given notice of the pending suit through service of the original complaint and summons. *McGraw v. Jones*, 367 Ark. 128, 238 S.W.3d 15 (2006). Further, such defendants are presumed to know that if they do not respond, they will suffer default judgments. *Id.*